UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE OSUNA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>T. CAMPBELL, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-01156-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FILING A FALSE IFP AFFIDAVIT<br><br>(ECF No. 2)<br><br>**RESPONSE DUE BY NO LATER THAN NOVEMBER 18, 2024** |

Plaintiff Jamie Osuna is a state prisoner proceeding *pro se* in this civil action. (ECF No. 1). Plaintiff's complaint is dated September 24, 2024 (*id.* at 33) and was filed on September 30, 2024. (*See* docket). Before the Court is Plaintiff's application to proceed *in forma pauperis* (IFP), also dated September 24, 2024. (ECF No. 2). For the reasons given below, the Court will require Plaintiff to show cause why this case should not be dismissed for filing a false IFP affidavit.

The Court normally requires a $405 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

1

Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015). In reviewing an IFP application, a court is "entitled to consider [a plaintiff's] own economic choices about how to spend his money." *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). For example, the Court can consider that a plaintiff thought it more worthwhile to spend his money on commissary items than to pay the filing fee for his civil rights suit. *Id.* Other courts have found bad faith where "prisoner-plaintiffs have diverted funds in the period leading up to their IFP application." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *4 (E.D. Cal. May 15, 2020) (collecting cases).

With these standards in mind, the Court notes that Plaintiff filed the standard IFP application, which includes a declaration signed by Plaintiff answering questions about his finances under penalty of perjury. (ECF No. 2 at 2). Importantly, Plaintiff stated that (1) he received no money from any source over the last twelve months and (2) he had no cash or any other assets. (*Id.*)

However, according to Plaintiff's trust account statement (ECF No. 5), the information in his IFP application is false. Among other things, the statement shows that:

    (1) Plaintiff received numerous deposits in his account in the six-month period preceding the filing of the complaint, totaling over $874; and

    (2) Plaintiff had account balance of $253.17 on September 16, 2024, shortly before he signed his IFP application. Plaintiff received another JPAY deposit the day after he signed his application, bringing his trust account balance to $313.17 as of September 30, 2024, when his IFP application was filed with this Court.

From these facts, it appears that Plaintiff intentionally made false statements on his IFP affidavit by claiming that he received no money in the last twelve months and had no funds, and that he may have intentionally diverted funds by making commissary purchases shortly before filing his complaint.

\\\
\\\

2

Based on these circumstances, **IT IS ORDERED** as follows:

1. By no later than November 18, 2024, Plaintiff shall file a response to this order, showing cause why this case should not be dismissed for filing a false IFP affidavit.
2. If Plaintiff fails to timely respond to this order, he is advised that this case may be dismissed.

IT IS SO ORDERED.

Dated:  **October 16, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE