1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  DAMON G. MCCLAIN, State Bar No. 209508
   Supervising Deputy Attorney General
3  ELISE OWENS THORN, State Bar No. 145931
   Deputy Attorney General
4    1300 I Street, Suite 125
     Sacramento, CA 95814
5    Telephone: (916) 210-6648
     Fax: (916) 324-5205
6    E-mail: Elise.Thorn@doj.ca.gov
   *Attorneys for Defendants*
7  *Campbell, Johnson, Aranda, Moreno, McKinney and
   Sparks-Mendoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE PLAINTIFF,** | 1:24-cv-01156-JLT-EPG |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| **T. CAMPBELL, et al.,,** | Judge:   The Honorable Erica P. Grosjean |
| Defendants. | Action Filed: September 30, 2025 |

Answering Plaintiff Jaime Osuna's First Amended Complaint (ECF No. 14) (FAC), Defendants Campbell, Johnson, Aranda, Moreno, McKinney, and Sparks-Mendoza admit, deny, and allege as follows. Defendants deny all factual allegations set forth in the FAC unless expressly admitted. Any admission is limited to the exact language of the response.

**JURISDICTION & VENUE**

1. Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. section 1343(a) and 42 U.S.C. section 1983 and may exercise supplemental jurisdiction under 28 U.S.C. section 1367. Defendants deny violating any of Plaintiff's rights at California State Prison – Corcoran (CSP-Corcoran).

1

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

2. Venue is proper in this judicial district, the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. § 1391 (a)(b) because the FAC alleges that defendants and non-party defendants engaged in conduct that occurred at California State Prison-Corcoran (CSP-COR), in Corcoran, California.

**INTRODUCTION**

3. In answer to paragraph 3 of the FAC, Defendants admit that Plaintiff filed his first amended complaint and deny the remainder of the allegations in paragraph 3.

4. Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 4 of the FAC and therefore deny them.

**PARTIES**

5. Defendants admit paragraph 5 of the FAC.

6. Defendants deny paragraph 6 of the FAC.

7. In answer to paragraph 7 of the FAC, Defendants admit that B. McKinney is an associate warden at CSP-COR.

8. In answer to paragraph 8 of the FAC, Defendants admit that E. Moreno is a is a sergeant at CSP-COR.

9. In answer to paragraph 9 of the FAC, Defendants admit that T. Sparks-Mendoza is a supervising psychiatric social worker at CSP-COR and that she is licensed by the State of California Board of Behavioral Sciences under license # 77726.

10. Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 10 of the FAC and therefore deny them.

11. In answer to paragraph 11 of the FAC, Defendants admit that A. Aranda is a lieutenant at CSP-COR.

12. Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 12 of the FAC and therefore deny them.

13. In answer to paragraph 13 of the FAC, Defendants admit that A. Johnson is an acting associate warden at CSP-COR.

2

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

14.    Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 14 of the FAC and therefore deny them.

15.    Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 15 of the FAC and therefore deny them.

16.    Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 16 of the FAC and therefore deny them.

17.    Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 17 of the FAC and therefore deny them.

18.    Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 18 of the FAC and therefore deny them.

19.    Defendants are without sufficient knowledge and information to admit or deny the allegations in paragraph 19 of the FAC and therefore deny them.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20.    In answer to paragraph 20 of the FAC, Defendants admit that CDCR issued log #397422/COR-HC-23000809 for a health care grievance submitted by Plaintiff but deny that the health care grievance exhausted the claim for unconstitutional conditions of confinement.

**FACTUAL STATEMENT**

21.    In answer to paragraph 21 of the FAC, Defendants admit that on January 10, 2023, Plaintiff was discharged from CSP-COR's Mental Health Crisis Bed unit where he had been since December 13, 2022, and that Plaintiff has been under 2602 orders since 2020. Defendants deny all remaining allegations in paragraph 21.

22.    In answer to paragraph 22 of the FAC, Defendants admit that on January 10, 2023, Plaintiff was rehoused or assigned to the Short Term Restricted Housing unit at CSP-COR, now renamed as the Restricted Housing Unit or RHU, and deny the remaining allegations.

23.    Defendants deny the allegations in paragraph 23 of the FAC.

24.    In answer to paragraph 24 of the FAC, Defendants admit that on January 15, 2023, Plaintiff was issued a rules violation report (RVR), log # 7260116, and deny the remaining allegations.

3

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

25.   Defendants deny the allegations in paragraph 25 of the FAC.

26.   Defendants deny the allegations in paragraph 26 of the FAC

27.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 27 and therefore deny them.

28.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 28 and therefore deny them.

29.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 29 and therefore deny them.

30.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 30 and therefore deny them.

31.   In answer to paragraph 31 of the FAC, Defendants admit that Plaintiff filed a 602 HC Grievance, assigned log # COR HC 23000189, that requested he be provided body camera footage and a CDCR 7219 for January 28, 2023.  Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 31, and therefore deny them.

32.   Defendants deny the allegations in paragraph 32 of the FAC.

33.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 33 and therefore deny them.

34.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 34 and therefore deny them.

35.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 35 and therefore deny them.

36.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 36 and therefore deny them.

37.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 37 and therefore deny them.

38.   Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 38 and therefore deny them.

4

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

39. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 39 and therefore deny them.

40. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 40 and therefore deny them.

41. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 41 and therefore deny them.

42. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 42 and therefore deny them.

43. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 43 and therefore deny them.

44. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 44 and therefore deny them.

45. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 45 and therefore deny them.

46. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 46 and therefore deny them.

47. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 47 and therefore deny them.

48. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 48 and therefore deny them.

49. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 49 and therefore deny them.

50. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 50 and therefore deny them.

51. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 51 and therefore deny them.

52. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 52 and therefore deny them.

5

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

1   53.   Defendants deny the allegations in paragraph 53 of the FAC.
2   54.   Defendants are without sufficient knowledge or information to admit or deny the
3   allegations in paragraph 54 and therefore deny them.
4   55.   Defendants deny the allegations in paragraph 55 of the FAC.
5   56.   Defendants are without sufficient knowledge or information to admit or deny the
6   allegations in paragraph 56 and therefore deny them.
7   57.   Defendants are without sufficient knowledge or information to admit or deny the
8   allegations in paragraph 57 and therefore deny them.
9   58.   Defendants are without sufficient knowledge or information to admit or deny the
10  allegations in paragraph 58 and therefore deny them.
11  59.   Defendants are without sufficient knowledge or information to admit or deny the
12  allegations in paragraph 59 and therefore deny them.
13  60.   Defendants are without sufficient knowledge or information to admit or deny the
14  allegations in paragraph 60 and therefore deny them.
15  61.   Defendants deny the allegations in paragraph 61 of the FAC.
16  62.   Defendants are without sufficient knowledge or information to admit or deny the
17  allegations in paragraph 62 and therefore deny them.
18  63.   Defendants deny the allegations in paragraph 63 of the FAC.
19  64.   Defendants deny the allegations in paragraph 64 of the FAC.
20  65.   Defendants are without sufficient knowledge or information to admit or deny the
21  allegations in paragraph 65 and therefore deny them.
22  66.   Defendants are without sufficient knowledge or information to admit or deny the
23  allegations in paragraph 66 and therefore deny them.
24  67.   Defendants deny the allegations in paragraph 67 of the FAC.
25  68.   Defendants are without sufficient knowledge or information to admit or deny the
26  allegations in paragraph 68 and therefore deny them.
27  69.   Defendants deny the allegations in paragraph 69 of the FAC.
28  70.   Defendants deny the allegations in paragraph 70 of the FAC.

6

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

71. Defendants deny the allegations in paragraph 71 of the FAC.

72. Defendants deny the allegations in paragraph 72 of the FAC.

73. Defendants deny the allegations in paragraph 73 of the FAC.

74. Defendants deny the allegations in paragraph 74 of the FAC.

75. Defendants deny the allegations in paragraph 75 of the FAC.

76. Defendants deny the allegations in paragraph 76 of the FAC.

77. Defendants deny the allegations in paragraph 77 of the FAC.

78. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 78 and therefore deny them.

79. Defendants deny the allegations in paragraph 79 of the FAC.

80. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 80 and therefore deny them.

81. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 81 and therefore deny them.

82. Defendants deny the allegations in paragraph 82 of the FAC.

83. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 83 and therefore deny them.

84. Defendants deny the allegations in paragraph 84 of the FAC.

85. Defendants deny the allegations in paragraph 85 of the FAC.

86. Defendants deny the allegations in paragraph 86. of the FAC.

**CLAIM ONE: UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT UNDER THE EIGHTH AMENDMENT**

87. Defendants deny the allegations in paragraph 87 of the FAC.

88. Defendants deny the allegations in paragraph 88 of the FAC.

89. Defendants deny the allegations in paragraph 89 of the FAC.

90. Defendants deny the allegations in paragraph 90 of the FAC.

91. Defendants deny the allegations in paragraph 91 of the FAC.

7

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

92. Defendants deny the allegations in paragraph 92 of the FAC.

93. Defendants deny the allegations in paragraph 93 of the FAC.

### CLAIM TWO: EIGHTH AMENDMENT DELIBERATE INDIFFERENCE TO SERIOUS MENTAL HEALTH AND MEDICAL NEEDS

94. In answer to "Claim Two" set forth in paragraphs 94 through 101 of the FAC, Defendants note that the Court dismissed Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 18.) On that basis, Defendants are not obligated to respond to allegations related to the claim.

### PLAINTIFF'S PRAYER FOR RELIEF

95. Defendants deny that Plaintiff is entitled to any monetary, injunctive, or declaratory relief.

### AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

96. This action is barred in whole or part by Plaintiff's failure to state a claim upon which relief can be granted.

97. The doctrine of unclean hands bars Plaintiff's claims, as any injuries or damages that Plaintiff may have suffered from the facts alleged in the Complaint are the result of Plaintiff's own negligent or deliberate actions, and he is thereby estopped from seeking relief for such injuries or damages.

98. Plaintiff's claim is not actionable because at all times relevant herein Defendants' actions were reasonably related to achieving legitimate penological goals.

99. Defendants are shielded from liability by the doctrine of qualified immunity in that there can be no liability on the facts alleged and Defendants did not violate any clearly established statutory or constitutional right of which a reasonable person in Defendants' position would have known.

100. Any claims against Defendants in their office capacities are barred by sovereign immunity under the Eleventh Amendment.

8

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

101. Plaintiff's claims and requests for damages are barred, limited, or controlled by the Prison Litigation Reform Act.  42 U.S.C. § 1997e(a), (e).

102. Plaintiff fails to state facts sufficient to recover punitive damages.

103. Plaintiff failed to mitigate his damages, if any.

104. Plaintiff's alleged damages were caused by his own actions or the actions of third parties, and not by Defendants.

105. Because the Complaint contains vague and conclusory allegations, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and after Plaintiff's allegations and theories of liability become clearer.

## DEMAND FOR JURY TRIAL

Under Federal Rules of Civil Procedure 38 and the Eastern District Local Rule 201, Defendants demand that this action be tried by a jury.

## PRAYER FOR RELIEF

Defendants pray for judgment as follows:

1. That Plaintiff take nothing by this action;

2. That Defendants be awarded costs of suit and attorney's fees; and

3. That Defendants be awarded such other relief as this Court deems proper.

Dated:  January 20, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON G. MCCLAIN
Supervising Deputy Attorney General

*/s/ Elise Owens Thorn*
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*
*T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T.Sparks-Mendoza*

SA2025402621
39578426.docx

9

Defs.' Answer to Frist Amended Complaint   (1:24-cv-01156-JLT-EPG)

# CERTIFICATE OF SERVICE

Case Name:   **J. Osuna v. T. Campell, et al.**     No.   **1:24-cv-01156-JLT-EPG**

I hereby certify that on January 20, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 20, 2026, at Sacramento, California.

| K. Vitalie | */s/ K. Vitalie* |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On January 20, 2026, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA  93212
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 20, 2026, at Sacramento, California.

| I. Martinez | */s/ I. Martinez* |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

SA2025402621/39586025.docx