**FILED**

**FEB 0 6 2026**

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
CSP-COR
PO Box 3476
Corcoran, CA 93212,

    Plaintiff,

v.

Tammy Campbell, et al,

    Defendants.

No. 1:24-cv-01156-JLT-EPG (PC)

**PLAINTIFF'S NOTICE OF CLARIFICATION REGARDING DEFENDANTS' NOTICE OF OPT OUT OF ADR (ECF NO. 28)**

Plaintiff submits this Notice of Clarification solely to correct the factual record in response to Defendants' Notice of Opt Out of ADR (ECF No. 28), which was filed during the ADR stay ordered in ECF No. 26. Plaintiff does not seek substantive relief.

Defendants' Notice states that Defendants attempted, without success, to confer with Plaintiff and characterizes the situation as a "refusal to confer." Plaintiff clarifies that he did not refuse to confer regarding ADR or settlement in this case.

On February 5, 2026, prison staff informed Plaintiff that he had a legal appointment but could not initially identify the purpose of the appointment or who Plaintiff was to meet with. Plaintiff requested clarification because he had not received a ducat or written notice and did not want to speak with an unauthorized person or about an unrelated matter. Staff later represented that the appointment would occur at PCH on an unsecured line and began referencing a deposition matter in another case. Staff also referenced a "cell extraction order." Based on these representations, Plaintiff declined to participate in what was presented as a different proceeding unrelated to ADR or settlement in this case.

Plaintiff did not refuse to meet and confer regarding ADR or settlement in *Osuna v. Campbell*. Plaintiff remains willing to meet and confer regarding settlement in this case if the communication is clearly identified as ADR or settlement for this case and conducted through an appropriate confidential process.

Plaintiff respectfully submits this clarification so that the record does not reflect that

1

NOTICE OF CLARIFICATION

Plaintiff refused to confer regarding ADR in this case. To avoid future misunderstanding, Plaintiff respectfully requests that any ADR, settlement, or related scheduling communications be clearly identified as such and reflected on the docket.

February 5, 2026,

*/s/ Jamie Osuna*

p.p. Jamie Osuna

## DECLARATION OF JAMIE OSUNA (28 U.S.C. § 1746)

I, Jamie Osuna, declare as follows:

1. I am the Plaintiff in this action and make this declaration from personal knowledge.

2. On February 5, 2026, between approximately 8:30 a.m. and 8:55 a.m., a unit correctional officer informed me that I had a legal appointment. I asked what the appointment was for and with whom, because I had not received any ducat or written notice and did not want to speak with an unauthorized person or regarding an unrelated matter. The officer stated that he did not know and said that he would check.

3. The officer later returned and stated that he still did not know the purpose of the appointment and that a sergeant would speak with me. Later, a different correctional officer approached me and asked whether I was going to the appointment. I again asked who the appointment was with and what it was for. That officer stated that it would take place at PCH on an unsecured line.

4. That officer then stated that if I refused to go, there was a "cell extraction order" and that I had to attend, and that he was going to get a sergeant. Shortly thereafter, ISU Officer Sanchez informed me that the Attorney General's Office was saying that there was a "cell extraction order."

5. During these interactions, staff began discussing a deposition matter and stated that the Attorney General "just wanted to ask questions." I stated that if this was my civil case, *Osuna v. Campbell*, and involved ADR or settlement, I would go out and talk, but that I was not going to

2                              NOTICE OF CLARIFICATION

1 participate in a deposition or speak with the Attorney General regarding an entirely different
2 civil case.
3 6. I asked to see the alleged cell extraction order. Staff left and later returned and stated that there
4 was no extraction order, but that the Attorney General would obtain a cell extraction order for a
5 future deposition in *Solares v. Diaz*.
6 7. The deposition matter referenced by staff was a disputed deposition in *Solares v. Diaz* that I had
7 previously opposed in the Eastern District of California and the Ninth Circuit because it could
8 materially impact my pending criminal proceedings, including a capital-eligible case.
9 8. Prior to the issuance of the subpoena in *Solares v. Diaz*, counsel from the Office of the Attorney
10 General had indicated that issues relating to waiver of my mental-health privilege and any
11 deposition sought by the plaintiff in that case would need to be addressed through motion
12 practice or appellate proceedings by me, a third party to *Solares*. After I filed a pretrial habeas
13 petition alleging prosecutorial and CDCR misconduct in my criminal matter, the deposition
14 subpoena was issued through the Attorney General's Office and delivered to me without any
15 produced cell extraction order.
16 9. That same disputed deposition had previously been attempted under similar representations and
17 did not occur. The subpoena in *Solares v. Diaz* was delivered to me between criminal court
18 dates, and the parties in that case had requested an extension of time to continue depositions
19 into approximately mid-February 2026, contributing to my understanding that the February 5,
20 2026, contact related to that matter.
21 10. I stated that I would not participate in what was being presented as a different proceeding under
22 the described conditions and requested proper clarification and an appropriate confidential
23 process for any ADR or settlement discussions in this case.
24 11. I did not refuse to confer regarding ADR or settlement in *Osuna v. Campbell*. I refused to
25 participate in what was presented to me as a different proceeding and under the described
26 conditions.
27 12. At no point during the February 5, 2026, interaction did staff tell me that the appointment
28 involved ADR or settlement in *Osuna v. Campbell*. I later learned that a docket entry had been

filed concerning the February 5, 2026, incident. After that, I questioned unit staff about how the appointment had been represented as *Solares v. Diaz* deposition and a cell extraction order, and the staff indicated that they "didn't know" and the information came from supervisors and the Attorney General.

13. I remain willing to meet and confer regarding settlement in this case if it is clearly identified as ADR or settlement for *Osuna v. Campbell* and conducted through an appropriate confidential process. This Notice is submitted to ensure clarity on the record and avoid further misunderstanding regarding the nature of such communications.

I declare under penalty of perjury that the foregoing is true and correct.

February 5, 2026,

*[signature]*

p.p. Jamie Osuna

# EXHIBIT A

Subpoena Referenced in Declaration

ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7666
 Fax: (916) 324-5205
 E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants Burnes, Pena, Garcia, Gallemore, Maytubby, and Munoz*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　　Defendants. | 1:20-CV-00323-LHR<br><br>**NOTICE OF TAKING INMATE-WITNESS JAIME OSUNA'S DEPOSITION**<br><br>Date:　　January 23, 2026<br>Time:　　8:00 a.m.<br>Location:　California State Prison, Corcoran<br>　　　　4001 King Avenue<br>　　　　Corcoran, CA 93212 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, AND TO INMATE-WITNESS JAIME OSUNA (CDCR # BD0868):

PLEASE TAKE NOTICE that at 8:00 a.m. on the 23rd of day of January 2026, at California State Prison, Corcoran, located at 4001 King Avenue, Corcoran, CA 93212, Defendants will take the deposition of inmate-witness Jaime Osuna, upon oral examination, and conducted before a certified shorthand reporter, pursuant to Rule 30 of the Federal Rules of Civil

1

Not. of Taking Inmate-Witness J. Osuna's Deposition (1:20-CV-00323-LHR)

Procedure. The deposition will be recorded stenographically and audiovisually, and continue from day to day until completed.

Pursuant to the agreement of the parties and the Court's June 16, 2025, Order Granting Leave to Take Deposition of Jaime Osuna (ECF No. 170), the deposition will take place in person at California State Prison, Corcoran, with optional remote appearance via video conference by counsel permitted. The certified shorthand reporter may also appear by video conference from a location to be determined. Correctional staff may be present as deemed necessary under the rules and operational needs of the prison.

Dated: December 11, 2025                       Respectfully submitted,

                                               ROB BONTA
                                               Attorney General of California
                                               JON S. ALLIN
                                               Supervising Deputy Attorney General
                                               JEREMY DUGGAN
                                               Deputy Attorney General


                                               /s/ David E. Kuchinsky


                                               DAVID KUCHINSKY
                                               Deputy Attorney General
                                               *Attorneys for Defendants*
                                               *Barnes, Pena, Garcia, Gallemore,*
                                               *Maytubby, and Munoz*

SA2019101902

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

Dora Solares
    *Plaintiff*
    v.
Ralph Diaz, et al.,
    *Defendant*

Civil Action No. 1:20-cv-00323-LHR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Jaime Osuna (CDCR # BD0968)

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

Place: California State Prison, Corcoran,
4001 King Road, Corcoran, CA 93212

Date and Time: 01/23/2026 8:00 am

The deposition will be recorded by this method: stenographically and videographically

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/11/2025

CLERK OF COURT

OR _____

*Signature of Clerk or Deputy Clerk*      *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Burnes, Pena, Garcia, Gallemore, Maytubby, and Munoz, who issues or requests this subpoena, are:

David E. Kuchinsky, 1300 I Street, Sacramento, CA 95814, david.kuchinsky@doj.ca.gov, 916-210-7665

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

8      NOTICE OF CLARIFICATION