ROB BONTA, State Bar No. 202668
Attorney General of California
DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
Deputy Attorney General
State Bar No. 145931
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-6648
 Fax: (916) 324-5205
 E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants
T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T. Sparks-Mendoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**T. CAMPBELL, et al.,,**<br><br>　　　　　　　　　　　Defendants. | 1:24-cv-01156-JLT-EPG<br><br>**DEFENDANTS' SCHEDULING AND DISCOVERY STATEMENT**<br><br>Judge:　　The Honorable Erica P. Grosjean<br>Trial Date:<br>Action Filed: September 30, 2025 |

Defendants submit the following statement in response to the Court's February 6, 2026 order concerning scheduling and discovery. (ECF No. 29.)

I.　**SUMMARY OF DEFENSES**

Defendants plan to demonstrate that Plaintiff does not have evidence that Defendants violated his constitutional rights or that Defendants subjected Plaintiff to unconstitutional conditions of confinement. In addition, Defendants plan to demonstrate the following affirmative defenses: (1) under the doctrine of unclean hands, Plaintiff's own negligent or deliberate actions are the cause of any injuries he sustained, and he is estopped from seeking relief for such injuries or damages; (2) Defendants' actions as alleged in the complaint were reasonably related to

1

achieving legitimate penological goals; (3) Defendants are shielded from liability by the doctrine of qualified immunity; (4) any claims against Defendants in their official capacities are barred by sovereign immunity under the Eleventh Amendment; (5) Plaintiff's claims and requests for damages are barred, limited, or controlled by the Prison Litigation Reform Act. 42 U.S.C. § 1997e (a), (e); (6) Plaintiff fails to state facts sufficient to recover punitive damages; (7) Plaintiff failed to mitigate his damages, if any; and (8) Plaintiff's alleged damages were caused by his own actions or the actions of third parties, and not by Defendants.

## II.   WITNESSES DEFENDANTS MAY CALL AT TRIAL

Defendants plan to call the following witnesses at trial who are currently known to them:

1. Warden Tammy Campbell (ret.), c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648;

2. Correctional Lieutenant Alonzo Aranda, c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648;

3. Associate Warden Barbara McKinney, c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648;

4. Correctional Lieutenant Enrique Moreno, c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648;

5. Correctional Captain Andrew Johnson, c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648;

6. Supervising Psychiatric Social Worker Tiffany Sparks-Mendoza, c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648;

7. One or more of Plaintiff's treating physicians and mental health providers, c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648;

8. A representative from the California Department of Corrections and Rehabilitation (CDCR) to testify regarding facilities and work orders related to the alleged damage to Plaintiff's cell.

2

Defs.' Scheduling and Discovery Statement (1:24-cv-01156-JLT-EPG)

9. One or more of Plaintiff's treating physicians and mental health providers, c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648; and

10. Custodian of Records for CDCR, c/o Deputy Attorney General Elise Owens Thorn, 1300 I Street, Sacramento, California 95814, (916) 210-6648.

## III.   DOCUMENTS DEFENDANTS MAY USE AT TRIAL

### A.   CDCR Facilities Documents

Defendants intend to rely on documents within the possession, custody and control of CDCR, and electronically available to staff at the California State Prison-Corcoran (COR): management and operations memorandum and reports; facilities maintenance records, including work orders for repairs and maintenance of housing units.

### B.   CDCR Custody Documents

Subject to confidentiality concerns, Defendants may use the following documents that are within the possession, custody and control of CDCR, and electronically available to staff at the California State Prison-Corcoran (COR):

1. Plaintiff's custodial records maintained by CDCR;
2. Plaintiff's Rules Violations Reports, including but not limited to RVR Log # 7260116;
3. Plaintiff's Inmate Grievances and CDCR decisions on grievances and related appeals;
4. Body worn camera and audio video surveillance system footage, if any.

### C.   Plaintiff's Medical and Mental Health Records

Defendants plan to use Plaintiff's medical and mental health records as exhibits at trial, all of which are within the possession, custody, and control of CDCR or the California Correctional Health Care Services (CCHCS), including but not limited to documents related to Plaintiff's health care grievance log # 397422/COR-HC-23000809 and PC 2602 orders.

## IV.   DOCUMENTS IN THE POSSESSION OF THIRD PARTIES

Defendants are not presently aware of any relevant documents in the possession, custody or control of third parties.

3

Defs.' Scheduling and Discovery Statement (1:24-cv-01156-JLT-EPG)

### V. EXPERT WITNESSES

Defendants do not anticipate calling any outside expert witnesses and reserve the right to present expert witness testimony through any of the named defendants.

### VI. READINESS TO PARTICIPATE IN A SETTLEMENT CONFERENCE

Defendants believe that the evidence in this case will support a motion for summary judgment, obviating any need for a settlement conference. However, the discovery of new evidence, including through Plaintiff's deposition, could change Defendants' posture on settlement.

### VII. NEED FOR THIRD PARTY SUBPOENAS TO OBTAIN DOCUMENTS FROM CDCR

Defendants will provide documents in response to Plaintiff's discovery requests to the extent the discovery seeks Plaintiff's own central file documents or medical and mental health records within the possession, custody, or control of CDCR or CCHCS. However, to the extent Plaintiff seeks the records of another inmate or records of any staff other than the named defendants, a third-party subpoena directed to Plaintiff's institution of confinement will be necessary to obtain relevant documents.

### VIII. EXHAUSTION CHALLENGES

Defendants do not plan to challenge Plaintiff's exhaustion of his claim.

### IX. INVESTIGATION MATERIALS

Defendants have documentary evidence generated from an investigation related to the event(s) at issue in the complaint; specifically, the investigation stemming from the processing of Plaintiff's grievance Log # 000000397422.

### X. VIDEO AND PHOTOGRAPHIC EVIDENCE

Defendants are not currently aware of any video or photographic evidence related to Plaintiff's conditions of confinement claim.

### XI. EVIDENCE THAT DEFENDANTS NOT PROPERLY NAMED IN COMPLAINT

Defendants do not intend to argue that they are not properly named because they are not the individual(s) alleged to be responsible for the action(s) described in the complaint.

4

Defs.' Scheduling and Discovery Statement (1:24-cv-01156-JLT-EPG)

| | | |
|---|---|---|
| 1 | Dated: March 9, 2026 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | DAMON G. MCCLAIN<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | */s/ Elise Owens Thorn* |
| 6 | | ELISE OWENS THORN<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendants*<br>*T. Campbell, A. Johnson, A. Aranda, E.* |
| 8 | | *Moreno, B. McKinney and T. Sparks-*<br>*Mendoza* |
| 9 | SA2025402621 | |

5

# CERTIFICATE OF SERVICE

Case Name:   <u>**J. Osuna v. T. Campell, et al.**</u>   No.   <u>**1:24-cv-01156-JLT-EPG**</u>

I hereby certify that on <u>March 9, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> ➤ **DEFENDANTS' SCHEDULING AND DISCOVERY STATEMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>March 9, 2026</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA  93212
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 9, 2026</u>, at Sacramento, California.

|  K. Vitalie  |  */s/ K. Vitalie*  |
|:---:|:---:|
| Declarant | Signature |

SA2025402621
39695018.docx