# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
CSP-COR PO Box 8800
Corcoran, CA 93212,

      Plaintiff,

v.

Campbell, et al,

      Defendants.

**FILED**

MAY 2 2 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

No. 124-cv-01156-JLT-EPG

**PLAINTIFF'S EMERGENCY RESPONSE AND NON-OPPOSITION TO DEFENDANTS' MOTION TO STRIKE ECF NO. 38; REQUEST FOR ADDITIONAL RELIEF, PROTECTIVE ORDER, PRESERVATION ORDER, AND ORDER TO SHOW CAUSE RE SANCTIONS**

Plaintiff Jamie Osuna does not oppose Defendants' request to remove or strike ECF No. 38. Plaintiff agrees ECF No. 38 should be immediately removed from public access.

However, striking ECF No. 38 alone does not fully remedy the harm. ECF No. 38 publicly filed approximately 183 Bates-stamped pages of Plaintiff's confidential and sensitive records, including medical information, mental-health information, *Coleman*-related information, suicide/self-harm information, substance-use information, classification records, segregation records, housing and cell-location information, gang/STG assertions, disputed disciplinary material, and institutional security information.

The Court's March 24, 2026, order required the parties to serve/produce discovery materials to the opposing party. It did not direct Defendants to publicly file Plaintiff's confidential records on the public docket.

Defendants now claim that "staff" filed the disclosures on the docket "in error." That explanation is inadequate. ECF No. 38 was a formal filing titled "Defendants' Disclosure of Documents in Response to March 24, 2026 Order." Page 1 states: "Defendants submit the following response **and the attached documents**, Bates stamped DEFS. POD – 0001 through 0183..." ECF No. 38 was also signed by counsel, "/s/ Elise Owens Thorn." The face of the filing is inconsistent with a bare "staff error" explanation and supports inquiry into whether the public filing was intentional, reckless, or part of a recurring practice.

ECF No. 38 publicly filed disputed and prejudicial institutional narratives that were not

necessary to show compliance with the discovery order, including criminal-history information, gang/STG assertions, enemy/safety information, and disciplinary allegations. Plaintiff has previously grieved and complained that some of these records contain falsifications, including allegations regarding gang status, statements attributed to Plaintiff, and the handcuff/window incident. Publicly filing disputed and prejudicial institutional narratives creates additional prejudice, safety risk, and reputational harm beyond the improper disclosure of confidential medical and mental-health information.

ECF No. 38 also publicly filed a disputed Watson-related Rules Violation Report accusing Plaintiff of threatening Licensed Clinical Social Worker D. Watson while omitting related context. Plaintiff has submitted PREA sexual-harassment reports/complaints involving Watson. That context was not included in ECF No. 38. Plaintiff disputes the fairness and completeness of the Watson-related narrative. Publicly filing that disputed RVR without related context is prejudicial and misleading.

Plaintiff is further concerned about the selective inclusion of BWC screenshot material. Defendants had multiple possible ways to reference or serve the 1/15/23 BWC footage if the purpose was only discovery compliance. Instead, ECF No. 38 publicly included selected screenshots that appear to show little substantive evidence beyond visually identifying a staff member. The screenshots show a closed cell door, the tier area, and an officer standing there, including the officer's face. They do not appear to show anything necessary to establish discovery compliance. The screenshots themselves do not identify the officer by name. Related records identify J. Esteves as the reporting employee and "Mental health escort," and separately identify Officer R. Mohamad as retrieving the handcuff. Based on the related reporting, the screenshots appear to potentially depict Officer Mohamad. Plaintiff is informed and believes Officer Mohamad had or has complaint activity involving CDCR, while other available BWC captures or views appear to have been omitted. It is unusual and prejudicial for Defendants to publicly file one apparently staff-identifying image that adds no obvious evidentiary value while omitting other available BWC images or context. Plaintiff requests preservation and a sworn explanation of who is depicted, who selected the screenshots, why those specific images were included,

whether other screenshots or BWC views were available but omitted, and whether Defendants knew of any complaint activity involving Officer Mohamad before filing ECF No. 38.

Plaintiff also raises a fairness concern. When incarcerated plaintiffs seek officer/staff background or complaint information, they generally must pursue that information through formal discovery and court review. Yet Defendants publicly filed Plaintiff's private background, medical/mental-health records, classification history, gang/STG assertions, disciplinary material, and disputed custody narratives without comparable redaction, sealing, or protective review.

ECF No. 38 also contains contradictions and disputed narratives. Defendants stated that certain psychiatric technician and nursing notes were being withheld pending mental-health leadership review, yet still publicly filed extensive cherry-picked and prejudicial mental-health, medical, classification, segregation, and security-sensitive records. The records also contain disputed and inconsistent descriptions of the handcuff/window incident, Plaintiff's mental-health status, and other institutional narratives. These contradictions show why the filing should not simply be removed without explanation or safeguards.

Plaintiff has identified multiple other prisoner civil-rights cases, including cases in other districts of California, in which the California Attorney General's Office appears to have publicly filed large volumes of unredacted or minimally redacted sensitive prison records. Those filings appear to include medical or mental-health information, classification records, housing records, disciplinary material, prior charges, and unrelated prejudicial background information. Plaintiff does not ask the Court to decide those other cases here. Plaintiff raises this because Defendants' bare "staff error" explanation is insufficient. Here, Defendants did not merely upload a loose document by mistake; ECF No. 38 was a signed filing stating that Defendants were submitting "attached documents" Bates-stamped DEFS. POD – 0001 through 0183. When considered with similar filings Plaintiff has identified in other prisoner cases, this raises a serious concern that public document dumps of sensitive and prejudicial prisoner records may be a recurring practice, not merely a one-time clerical error.

Plaintiff respectfully requests that the Court:

1. Immediately restrict public access to ECF No. 38;

3

2. Strike ECF No. 38, or at minimum strike and seal the attached confidential exhibits;

3. Preserve ECF No. 38 under seal for Court review and any later sanctions, disciplinary, or corrective review;

4. Require Defendants to refile only a short notice of compliance without confidential records attached;

5. Enter a protective order prohibiting Defendants from publicly filing Plaintiff's medical, mental-health, *Coleman*, classification, segregation, housing, cell-location, disciplinary, gang/STG, PREA-related, or institutional security records without prior Court approval;

6. Order Defendants and defense counsel to preserve all documents, emails, CM/ECF notices, internal communications, BWC screenshot-selection records, Watson-related PREA complaints, grievances, investigation records, and communications concerning the preparation, selection, review, and filing of ECF No. 38;

7. Order Defendants and defense counsel to provide a sworn explanation of how ECF No. 38 was publicly filed, who selected and reviewed the records, how long it was public, and what steps were taken to prevent further disclosures;

8. Order Defendants and defense counsel to identify under oath who is depicted in the BWC screenshots, who selected those screenshots, what other BWC screenshots or video frames were available, why those specific images were included, and whether Defendants knew of any complaint activity involving Officer Mohamad before filing ECF No. 38;

9. Order Defendants and defense counsel to show cause why sanctions should not be imposed under the Court's inherent authority and Local Rule 110;

10. Permit Plaintiff to supplement this filing with a short list of other cases and docket entries where similar unredacted or prejudicial document-dump filings occurred, if the Court considers pattern or practice relevant to sanctions, protective relief, or future safeguards; and

11. Grant any other relief the Court finds just and proper.

EMERGENCY MOTION

If the Court has already granted Defendants' motion to strike before this filing is reviewed, Plaintiff respectfully requests that the Court treat this filing as a request for additional relief, protective order, preservation order, sworn explanation, and order to show cause regarding sanctions.

Because each day ECF No. 38 remains publicly available increases harm to Plaintiff's privacy, safety, and litigation rights, Plaintiff respectfully requests expedited review.

Dated: May 21, 2026

Respectfully submitted,

p.p. Jamie Osuna

# DECLARATION OF JAMIE OSUNA

I, Jamie Osuna, declare:

1. I am the Plaintiff in this action.

2. I did not consent to Defendants publicly filing ECF No. 38.

3. ECF No. 38 publicly disclosed confidential medical, mental-health, classification, housing, segregation, disciplinary, and security-sensitive records about me.

4. I dispute the fairness, accuracy, and completeness of portions of ECF No. 38, including records concerning gang/STG assertions, statements attributed to me, the handcuff/window incident, and Watson-related records.

5. I have submitted PREA sexual-harassment reports/complaints involving D. Watson, and that context was not included with the disputed Watson-related RVR publicly filed in ECF No. 38.

6. I am not attaching ECF No. 38 again because doing so would repeat the disclosure problem.

7. Before ECF No. 38 was publicly filed, I had been informed that Officer R. Mohamad had complaint activity involving CDCR. I believe the BWC screenshots may depict Officer Mohamad, although the screenshots themselves do not identify the officer by name.

Dated: May 21, 2026

I declare under penalty of perjury that the foregoing is true and correct.

_Jamie Osuna_

p.p. Jamie Osuna