**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JUN 1 2 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

Jamie Osuna BD0868
CSP-COR, PO Box 8800
Corcoran, CA 93212,
                Plaintiff,
        v.
T. Campbell et al,
                Defendants.

No.  1:24-cv-01156-JLT-EPG

PLAINTIFF'S MOTION FOR IN CAMERA
REVIEW, SANCTIONS, AND RULE 26(g) /
FALSE-STATEMENT REVIEW REGARDING
DEFENDANTS' COURT-ORDERED
DISCLOSURE

PUBLIC-FILING VERSION
NO CONFIDENTIAL EXHIBITS ATTACHED

## I. RELIEF REQUESTED

Plaintiff respectfully requests in camera review of Defendants' court-ordered disclosure filed as ECF No. 38, a sworn explanation of what was served on Plaintiff and filed with the Court, and sanctions or corrective relief the Court deems appropriate.

Plaintiff does not attach, quote, reproduce, or refile ECF No. 38 or any confidential or disputed records. Plaintiff requests in camera or sealed review only, not another public filing.

## II. BACKGROUND AND TIMELINESS

This action proceeds only on Plaintiff's Eighth Amendment unconstitutional-conditions-of-confinement claim against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. The claim concerns Plaintiff's alleged placement in a hazardous cell during 2023 despite broken windows, glass shards, blood, self-harm injuries, staff notice, grievance notice, *Coleman*/MHSDS-related mental-health concerns, and requests for repair, cleaning, movement, or other safety measures.

Defendants denied liability and asserted defenses including legitimate penological justification, failure to mitigate, and that Plaintiff's alleged damages were caused by Plaintiff's own actions or third parties. Those defenses place Plaintiff's housing, restrictions, medical/mental-health records, grievance notice, safety precautions, and alleged "own actions" directly at issue.

On March 24, 2026, the Court ordered the parties to serve specified categories of documents on opposing parties. The order did not direct public filing of the discovery packet. On

1

1:24-CV-01156-JLT-EPG MOTION FOR IN CAMERA REVIEW AND SANCTIONS

May 20, 2026, Defendants filed ECF No. 38, titled "Defendants' Disclosure of Documents in Response to March 24, 2026 Order." ECF No. 38 stated that Defendants were submitting "the following response and the attached documents," Bates-stamped DEFS. POD 0001 through 0183, and was signed by defense counsel.

Defendants later represented that staff filed the disclosure on the public docket in error, and the Court struck ECF No. 38. Plaintiff does not oppose removal from public access. But striking ECF No. 38 did not resolve what was served on Plaintiff, whether the service packet matched the docket version, whether the production was complete, whether responsive records were omitted, or whether sanctions or corrective relief are warranted.

Plaintiff brings this motion after receiving and reviewing the service packet. This is not a late opposition to Defendants' Local Rule 233 administrative motion to remove ECF No. 38. Plaintiff seeks in camera review, sanctions review, and a sworn explanation because Plaintiff understands the docket version of ECF No. 38 included a cover/category response, while the service packet appeared to contain documents without a comparable category explanation and appeared to omit responsive records while including irrelevant old and post-dated materials.

To the extent Rule 37(a)(1) or Local Rule 251 applies, Plaintiff requests that the Court excuse or modify any further meet-and-confer requirement because Plaintiff is incarcerated, pro se, cannot call or email counsel, and this dispute arises from a Court-ordered disclosure that Defendants publicly filed despite the order requiring service on the parties

### III. ARGUMENT

**A. ECF No. 38 requires sworn explanation and Rule 26(g) review.**

Defendants say staff filed the disclosure on the public docket in error. But ECF No. 38 was a formal captioned response signed by counsel. It represented that Defendants were submitting a category response and Bates-stamped documents DEFS. POD 0001 through 0183 in response to the Court's March 24, 2026 order.

Plaintiff understands that the docket version of ECF No. 38 included a cover/category response listing the Court-ordered categories and Defendants' claimed responsive documents. Based on Plaintiff's review, the service packet did not appear to include that same response or a

2

comparable category explanation.

The Court should require a declaration under 28 U.S.C. § 1746 confirming what was served on Plaintiff, whether the service packet included the same cover/category response filed with ECF No. 38, what systems were searched, who selected the records, and why related records from the same grievance, RVR, medical, or restriction files were omitted.

ECF No. 38 was a signed Rule 26(g) discovery certification, not a sworn declaration. If the Court finds that counsel's signed disclosure represented completeness or accuracy without reasonable inquiry, omitted known responsive records, or included irrelevant records in a way that created a prejudicial false narrative, Plaintiff requests sanctions, corrective relief, adverse findings, referral, or other appropriate relief.

**B. The production appears curated, incomplete, and misleading.**

The production appears incomplete not merely because records are missing, but because the selected records create a misleading picture of the case.

Defendants identified CDCR 7219 psych-tech and nursing records for relevant dates, including April 28, 2023, but withheld them pending mental-health leadership review while stating they were available in Plaintiff's electronic medical record. Those records go directly to broken glass, self-harm injuries, staff notice, and institutional response.

Defendants also produced selected grievance materials for Log No. 397422 / HC COR 23000809, but not the complete grievance file, complete health-care reroute file, scanned attachments, Plaintiff's responses, routing records, staff notes, institutional responses, headquarters responses, or all documents considered. This matters because the Office of Grievances decision states that Claim 001 was redirected to California Correctional Health Care Services (CCHCS) and that the Health Care Grievance Coordinator would respond separately.

Defendants produced a 4/28/23 container restriction but omitted related safety and restriction records, including a razor restriction or allowable-items restriction posted at Plaintiff's cell. Plaintiff states Defendants had access to omitted records because they produced portions of the same grievance, appeal, medical, restriction, and classification files, and the omitted materials were scanned with, attached to, or originated from those same files. Plaintiff also provided copies

3

of many omitted records to the Attorney General. Plaintiff cites the records he provided to the Attorney General to show Defendants' knowledge and access, not to request return of duplicate copies.

Defendants also included disputed historical 2019/2020 CDCR Form 114-A/114-A1, housing, classification, and stale substance-use materials even though the surviving claim concerns January-May 2023. The cover/category response did not clearly identify those materials as historical, disputed, or outside the claim period. Plaintiff contends some of those records are inaccurate and contradicted by other CDCR records concerning Plaintiff's mental-health status, PC 2602 treatment, restrictions, housing, and classification history.

The inclusion of those records risks creating a false impression that Plaintiff was moved from cell 44 during the claim period, that the case involved substance-abuse treatment rather than mental-health/self-harm safety, that no serious PC 2602/psychiatric-treatment issue existed, or that false and inflammatory sex-related assertions were relevant to the issues in this case. Plaintiff denies any sex-related disciplinary offense, charge, or finding and requests in camera review because he contends those references are false, inflammatory, unrelated, and dangerous.

Defendants also produced 2025 OP/RHU materials even though those materials post-date the events and do not show what governed Defendants' conduct in 2023. Defendants omitted the operative 2022/2023 mental-health, MHSDS/*Coleman*, Plant Operations, safety, redline/cell-repair, contaminated-cell cleaning, self-harm response, emergency medical-response, and restriction procedures that would have governed the claim period.

The harm is not only public disclosure; it is also litigation prejudice from a selective production that makes the Court-ordered disclosure appear complete while the selections and omissions create a materially inaccurate or misleading record regarding notice, safety, medical/mental-health response, restrictions, Plaintiff's 2023 housing timeline, and the procedures actually in effect.

**C. Coleman and the Local Rules support in camera review.**

Plaintiff does not ask Defendants to publicly refile confidential records, even in redacted form. Plaintiff requests in camera or sealed review only.

4

*Coleman* is relevant for notice and context. CDCR and counsel have long been on notice that mental-health records, MHSDS information, suicide/self-harm information, patient identifiers, and institutional mental-health records require careful handling. The *Coleman* docket has required court intervention when sensitive *Coleman* materials were not properly protected. See *Coleman v. Newsom*, No. 2:90-cv-00520-KJM-DB, Minute Order, ECF No. 7027 (E.D. Cal. Jan. 20, 2021). *Coleman* also required improved document-production processes so information would be clear, consistent, responsive, and useful for review. See *Coleman v. Brown*, No. 2:90-cv-00520-LKK-JFM, Order, ECF No. 4232, at 5-6 (E.D. Cal. Aug. 30, 2012).

Here, Defendants publicly filed sensitive medical, mental-health, MHSDS/Coleman-related, grievance, classification, housing, disciplinary, and security records without prior sealing or protective approval, while serving Plaintiff a disordered production that appeared not to include the same cover/category response filed with the Court. That supports in camera review, sworn explanation, and sanctions review.

## IV. REQUESTED ORDER

Plaintiff respectfully requests that the Court:

1. Order defense counsel to submit a declaration under 28 U.S.C. § 1746 confirming what was served on Plaintiff, whether it included the cover/category response filed with ECF No. 38 or a comparable index, what systems were searched, who selected the records, and why related grievance, RVR, medical, or restriction records were omitted;

2. Conduct in camera review of ECF No. 38, the served production, the complete Log No. 397422 / HC COR 23000809 files, identified CDCR 7219 records, omitted restriction records, 2023 housing/cell-location records, disputed historical 114/114-A1 and classification materials, omitted PC 2602/mental-health records, disputed 2025 RHU/OP materials, and omitted operative MHSDS/*Coleman*, Plant Operations, safety, redline/cell-repair, contaminated-cell cleaning, self-harm response, emergency medical-response, and restriction procedures;

3. If the Court sets a hearing or informal conference, order CSP-COR or appropriate staff to make Plaintiff available by video or telephone with sufficient time and access to participate, or

1:24-CV-01156-JLT-EPG MOTION FOR IN CAMERA REVIEW AND SANCTIONS

decide the motion on the papers;

4. Determine whether ECF No. 38, including counsel's signature and representations that Defendants were submitting a category response and Bates-stamped documents DEFS. POD 0001 through 0183, violated Rule 26(g), Local Rules 140, 141, or 141.1, the Court's March 24, 2026 order, or counsel's duty to make a complete, accurate, non-misleading, and properly protected disclosure;

5. Determine whether ECF No. 38 or the served production contained materially false, incomplete, misleading, prejudicial, reckless, bad-faith, or sanctionable representations or omissions, including omitted responsive records and irrelevant old or post-dated materials that created a misleading record;

6. Impose sanctions, corrective relief, evidentiary restrictions, adverse findings, referral, or other relief the Court finds appropriate under Fed. R. Civ. P. 26(g), Fed. R. Civ. P. 37, Local Rule 110, and the Court's inherent authority; and

7. If any declaration submitted under 28 U.S.C. § 1746 in response to this motion is knowingly false or materially misleading, consider perjury, false-sworn-statement, referral, or other appropriate relief

June 07, 2026

p.p. Jamie Osuna

## DECLARATION OF JAMIE OSUNA

I, Jamie Osuna, declare:

1. I am the Plaintiff in this action.

2. Defendants served me a document packet related to ECF No. 38. I request that Defendants be required to confirm under oath whether the packet served on me included the same cover/category response that appeared with the docket version of ECF No. 38, or any comparable category index explaining which documents corresponded to the Court-ordered categories.

3. Based on my review, the documents were not organized in a way that allowed me to clearly

1:24-CV-01156-JLT-EPG MOTION FOR IN CAMERA REVIEW AND SANCTIONS

determine which documents corresponded to each Court-ordered category.

4. I did not consent to Defendants publicly filing my confidential medical, mental-health, grievance, classification, housing, segregation, disciplinary, Coleman/MHSDS-related, or other institutional-security records.

5. After reviewing the packet, I identified omitted records, including CDCR 7219 records, the complete health-care grievance/reroute file for HC COR 23000809, supporting documents for Log No. 397422, and razor/allowable-item/restriction records.

6. I am informed and believe that supporting documents for Log No. 397422 and related health-care and institutional records are scanned and accessible through CDCR systems but were not produced.

7. I possess or have access to a 4/28/23 CDCR 7219 completed by nursing/mental-health staff, and I possess or have access to a razor or allowable-items restriction that was posted at my cell.

8. During the relevant 2023 claim period, I was housed in cell 44 except for temporary crisis, medical, or other short-term movement. I was not moved to cell 30 or cell 49 during the relevant claim period.

9. In a separate matter, I was previously unable to participate in a hearing because there was no order directing the prison to make me available. If the Court sets a hearing or informal conference on this motion, I request an order directing CSP-COR to make me available by video or telephone.

10. I do not attach confidential records to this public filing because doing so would repeat the disclosure problem. I request in camera review or permission to submit any necessary sensitive records under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 07, 2026

p.p. Jamie Osuna

7

**1:24-CV-01156-JLT-EPG MOTION FOR IN CAMERA REVIEW AND SANCTIONS**