**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

JAMIE OSUNA, BD0868
CSP-COR, P.O. Box 8800
Corcoran, CA 93212
Plaintiff,

v.

T. CAMPBELL, et al.,
Defendants.

No. 1:24-cv-01156-JLT-EPG (PC)

PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND EXTEND DEADLINES; DECLARATION

L.R. 144

FILED
OCT 23 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY CLERK

Plaintiff Jamie Osuna, proceeding pro se and incarcerated, respectfully moves under Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), and Local Rule 144, for a limited modification of the Scheduling Order (ECF No. 35). Plaintiff asks the Court to extend the linked deadlines listed below by ninety days, or to set such related dates as the Court deems appropriate.

Plaintiff seeks modification before the October 26, 2026, motions-to-compel deadline and concurrently files a motion to compel concerning Defendants' disclosure obligations under ECF No. 34 and responses to August 27, 2026, Requests for Production Nos. 2–4. This scheduling request seeks time for resolution of that motion, receipt and use of resulting production, and completion of remaining discovery and related motion practice.

Local Rule 144(b) disclosure: on May 21, 2026, the Court granted Plaintiff's request filed at ECF No. 37 for a forty-five-day extension concerning Plaintiff's own remaining discovery production. Based on the orders available to Plaintiff, he has not previously obtained an extension of the Scheduling Order's October 26, 2026, motions-to-compel deadline, November 23, 2026, non-expert-discovery deadline, or December 23, 2026, dispositive-motion deadline.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE COURT MAY MODIFY THE SCHEDULE FOR GOOD CAUSE

Rule 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. Rule 6(b)(1)(A) likewise permits an extension for good cause when the request is made before the time expires. The Scheduling Order directs any party unable to comply with a deadline to immediately file an appropriate motion or stipulation, and states that the dates are firm absent good cause. ECF No. 35 at 9.

## II. GOOD CAUSE EXISTS

The existing deadlines do not permit completion of outstanding discovery responses, prison-mail delivery, meaningful conferral, and further motion practice. Plaintiff served additional requests on September 30, 2026. ECF No. 35 at 3 allows forty-five days to respond, extending beyond the October 26 motions-to-compel cutoff and leaving little time before the November 23 discovery deadline.

Plaintiff concurrently moves to compel Defendants' incomplete disclosures and responses, including missing grievance attachments, claim-period Cell 44 records, incident-related CDCR 7219s, and materials Defendants identified as potential evidence. His September 16 and October 1 letters requested correction or conferral without resolution. Additional responses must be received and reviewed before remaining disputes can be addressed through conferral and motion practice.

Defendants represented that responsive central-file, medical, and mental-health records would be produced. ECF No. 33 at 4:9–15. Instead, their production included records for unrelated cells and years while omitting corresponding claim-period and supporting clinical records. In a letter received October 8, Counsel directed Plaintiff to an Olson review despite the access barriers already reported to the Court. Under DOM §§ 13030.16.2–.3, that process entails several weeks of staff screening of ERMS/SOMS records, preparation of a review copy, a counselor-scheduled appointment, and separate copying procedures. Plaintiff's prior Olson and health-record requests failed to yield requested records. An Olson review does not replace Defendants' production obligations or eliminate the time required to obtain and use responsive materials. Plaintiff also supplied counsel a more complete grievance log obtained from the litigation coordinator and records missing from Defendants' production.

Defendants' requests concerning materials Plaintiff had already produced further consumed the limited time available for discovery, while their own identified production deficiencies remained unresolved.

Plaintiff's continuing law-library and copying restrictions were reported in ECF No. 37 and institutional grievance No. 26-991040, submitted September 11, 2026. The reported fifty-

page-per-session copying restriction continues to impede Plaintiff's preparation of court filings, notwithstanding DOM § 101120.14's provision for copying documents exceeding fifty pages upon reasonable written explanation. DOM § 101120.10 provides for at least two hours of weekly General Legal User access as resources permit, yet Plaintiff reports access below that level and unsuccessful requests for priority access under § 101120.10.1. Staff-controlled appointments, copying restrictions, and prison mail continue to impede his ability to review discovery, confer, and prepare filings.

The requested ninety-day modification allows resolution of the accompanying motion to compel, compliance with any production order, review and use of resulting records, and completion of remaining discovery and motion practice. Plaintiff requests coordinated extensions to January 25, February 22, and March 23, 2027, for motions to compel, non-expert discovery, and dispositive motions, respectively.

## III. REQUESTED RELIEF

Plaintiff respectfully requests an order modifying ECF No. 35 as follows:

1. The deadline for motions to compel further discovery responses is extended from October 26, 2026, to January 25, 2027; the deadline for completion of non-expert discovery is extended from November 23, 2026, to February 22, 2027; the deadline for dispositive motions is extended from December 23, 2026, to March 23, 2027.
2. Alternatively, Plaintiff requests such modified, linked deadlines as the Court determines appropriate.
3. An order directing the current Warden of CSP-Corcoran, in the Warden's official capacity, to ensure Plaintiff receives Priority Legal User status for this action's established court deadlines and four hours per calendar week of requested physical law-library access, and legal-copying services, including documents exceeding fifty pages pursuant to DOM § 101120.15(b), plus the copies required for filing and service and one record copy under DOM § 14010.21.

October 20, 2026

Jamie Osuna

**DECLARATION OF JAMIE OSUNA**

I, Jamie Osuna, declare as follows:

1. I am the Plaintiff in this action and make this declaration from personal knowledge.
2. On August 27, 2026, I served Requests for Production, including Nos. 2–4 seeking my central file, crisis-bed records, and unit-health records. Defendants did not produce the requested records in response and I was instead directed to an Olson review.
3. On September 30, 2026, I served further Requests for Production concerning the missing records and events at issue. Their response period extends beyond the current motions-to-compel deadline.
4. Defendants' production included records for other cells and years but omitted corresponding claim-period Cell 44 records, complete grievance attachments, and incident-related health and safety materials. My September 16 and October 1 letters requested correction or conferral; the deficiencies remain unresolved.
5. I am concurrently filing a motion to compel. I need time for its resolution, receipt and review of further responses and resulting production, conferral concerning remaining deficiencies, and any necessary additional motion practice before the discovery and dispositive-motion deadlines.
6. My law-library and copying restrictions remain unresolved, as described in ECF No. 37 and my September 11, 2026, grievance No. 26-991040. Staff-controlled access and copying restrictions continue to impede my ability to review and reproduce discovery materials and prepare court filings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 20, 2026

Jamie Osuna