**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

JAMIE OSUNA BD0868
CSP-COR PO BOX 8800
Corcoran, CA 93212,

Plaintiff,

v.

T. CAMPBELL, et al.,

Defendants.

No. 1:24-cv-01156-JLT-EPG (PC)

**PLAINTIFF'S MOTION TO COMPEL; DECLARATION OF JAMIE OSUNA; RULE 37(a)(1) CERTIFICATION**

Submitted under L.R. 230(l)

FILED
OCT 23 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

## MOTION AND MEMORANDUM

Plaintiff moves to enforce ECF No. 34's independent disclosure obligations as to the categories identified below and, separately, under Rules 26(b)(1), 34, and 37(a), to compel responses to August 27, 2026, Requests for Production Nos. 2–4. Defendants represented that they would produce responsive central-file, medical, and mental-health records. ECF No. 33 at 4:9–15. Their production instead omits claim-period Cell 44 records, grievance attachments, incident-related CDCR 7219s, and related safety materials, while including records from unrelated years and cells. Plaintiff seeks the missing responsive records or a specific accounting of their absence. Defendants' referral to institutional access did not resolve these deficiencies.

## I. PROCEDURAL RECORD AND GOOD-FAITH CONFERRAL

ECF No. 34 required the parties, without awaiting a discovery request, to produce relevant grievance and investigation evidence, incident- or condition-related medical records, related transfer or segregation chronos, and documents they may use to support claims or defenses. ECF No. 34 at 1–3. Defense counsel was directed to obtain institutional records or state that a third-party subpoena was required. The order applies to confidential records, requires later-obtained responsive material within thirty days, excuses reproduction of material already produced or supplied by the opposing party, and requires any objection to be filed with the Court. Id. at 2–3.

Defendants initially served DEFS. POD 0001–0183. In a May 27, 2026, supplemental

disclosure, they identified DEFS. POD 0184–0193 as selected CDCR 7219 Psych Tech Progress Notes and one Nursing Progress Note. Their disclosure statements also listed grievance materials, housing records, work-order materials, and 2025 policies. ECF No. 44-1 at 4–7, 16–17.

On August 27, 2026, Plaintiff served Request No. 2 for his complete central file (including evaluations, disciplinary and incident reports, and medical and mental-health records); No. 3 for Mental Health Crisis Bed records (including admission, treatment-team, orders, and discharge materials); and No. 4 for unit-health records (including CDCR 128-MH3 chronos and CDCR 7386 evaluations). Counsel's September 29 letter, postmarked October 2 and received October 8, objected that Nos. 2–4 lacked limits and directed an Olson review. Defendants produced no records in response to those requests, distinct from their earlier ECF No. 34 disclosure and limited supplement. Osuna Decl. ¶ 8. Plaintiff seeks the records from Defendants under the Court's disclosure order and Rule 34, not merely an opportunity to inspect institutional files.

Plaintiff previously produced five sets of documents concerning the cognizable claims and supplied counsel additional records omitted from Defendants' production. Counsel nevertheless challenged Plaintiff's production and requested confirmation of responsive documents that Plaintiff had already served or otherwise addressed.

Plaintiff's September 16 and October 1 letters identified incomplete grievance materials, omitted 7219 and safety records, wrong-period policies, and records for cells or years outside the claim period, and requested correction by mail or a conference. Counsel did not respond to either request to confer, and no response or supplemental production resolved the deficiencies. Osuna Decl. ¶ 10. The September 16 letter specifically identified DEFS. POD 0051 (container restriction without the related razor restriction), 0072–0073 (2019–2020 segregation profiles), 0074–0087 (records for other cells), and the absence of claim-period Cell 44 records. The October 1 follow-up identified the April 28, 2023 CDCR 7219, omitted grievance attachments and appeal materials for grievance 397422, and post-event RHU policies. Both letters offered to confer or receive corrective production by mail.

## II. GOVERNING STANDARD

Discovery reaches nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party must supplement a disclosure or response that is materially incomplete. Fed. R. Civ. P. 26(e)(1). Rule 34 reaches documents within a party's possession, custody, or control and requires a specific response stating whether responsive material is withheld. Fed. R. Civ. P. 34(a)(1), (b)(2)(B)–(C). An incomplete production is treated as a failure to produce. Fed. R. Civ. P. 37(a)(3)(B)(iv), (a)(4).

## III. RELEVANCE TO THE SURVIVING CLAIM AND DEFENSES

The surviving Cell 44 conditions claim concerns the hazard, Defendants' knowledge and response, and causation. Defendants assert self-caused injury, deliberate conduct, failure to mitigate, third-party causation, penological justification, and qualified immunity. ECF No. 25 at 8–9. Historical assessments, precautions, disciplinary outcomes, and custody communications bear on recognized risks and those defenses; knowledge may be established circumstantially. *Farmer v. Brennan*, 511 U.S. 825, 842–44 (1994).

## IV. SPECIFIC PRODUCTION REQUIRED

### A. Missing first window request and complete repair trail

Defendants produced a May 5, 2023, Plant Operations request stating that it was the "second request" for the work, followed by Work Order 561827, issued May 8 as Priority 1 and completed May 11. The earlier request is missing, leaving Defendants' production incomplete as to that item. It bears directly on when the hazard was documented, who received notice, the duration of the condition, and the reasonableness of the response. Defendants should produce the earlier request and all nonduplicative work orders, tickets, routing, approvals, priority and status histories, closure records, and related Plant Operations communications concerning Cell 4A1L-44's windows from January 10 through May 11, 2023.

### B. Complete grievance and investigation materials

ECF No. 34 expressly requires relevant grievance and investigation evidence. ECF No. 34 at 2. Defendants' disclosure statement listed the May 9 health-care grievance log and only two individual health-care attachment pages, while the served grievance and appeal materials state

that Forms 602-1 and 602-2 "and attachments," an attached 602-A, an interview, and work-order evidence were considered. ECF No. 44-1 at 4–5; DEFS. POD 0001–0013. Plaintiff states that institution staff confirmed the omitted attachments had been scanned into the maintained record and were available through CDCR systems. Defendants' grievance-log list was also incomplete. Plaintiff later obtained a more complete grievance-log list from the litigation coordinator and supplied that list to counsel. Osuna Decl. ¶ 3.

Defendants should produce, or identify by exact Bates number, the complete maintained file for grievance 397422 and related health-care grievance COR-HC-23000809: the original front-and-back submissions, all scanned attachments, interview notes, worksheets, evidence records, routing and audit history, and all decisions, including any communication, routing entry, attachment, or investigative record concerning the outside notice to the Coleman Project Team or Associate Warden reflected in the grievance history. No duplicate paper is required; an exact Bates-number map is sufficient for anything already supplied.

**C. Claim-period Cell 44 housing, daily-activity, inspection, and cell-search records**

Defendants identified bed assignments, CDC 114-A daily-activity records for January 3 through June 7, 2023, and ICC material as documents they may use. ECF No. 44-1 at 6–7. The selected production, however, includes 2019 and 2020 segregation profiles at DEFS. POD 0072–0073; Cell 4A1R-**30** records at DEFS. POD 0074, 0076, and 0079; and Cell 4A2L-**49** records at DEFS. POD 0085 and 0087. Those pages do not substitute for comparable claim-period records for Cell 4A1L-**44**, where Plaintiff states he was housed except during temporary crisis, medical, or other short-term movement. Osuna Decl. ¶ 5. Defendants' category response also stated that no related transfer or segregation chronos existed, while another category listed bed-assignment, daily-activity, and ICC records. That mismatch, together with the wrong-cell and wrong-year pages, warrants a **claim-period Cell 44 search**. Plaintiff also disputed the accuracy of DEFS. POD 0073 in his September 16 correspondence and reported seeking institutional correction. He does not ask the Court to resolve that collateral accuracy dispute here; the immediate deficiency is the absence of comparable Cell 44 records for the relevant period.

Defendants should produce the claim-period Cell 4A1L-44 CDC 114-A/114-A1 records,

cell-search and inspection records, CDCR 128-B information chronos, unit and security logs, custody, psych-tech, security, or welfare-round logs, housing and movement records, ICC and classification records, and records showing any decision to inspect, clean, restrict, red-line, close, continue using, move Plaintiff from, or return him to Cell 44. If a responsive page was already produced, Defendants should identify its exact Bates number and the category it satisfies.

**D. Incident-related medical, crisis-bed, unit-health, and safety records**

Defendants' disclosure identified psych-tech notes for thirteen dates and an April 19 nursing note, stated that the records were available in Plaintiff's electronic medical record, and said they would be produced after approval. ECF No. 44-1 at 6. The January 15 RVR itself references a CDCR 7219. Plaintiff supplied counsel the April 28, 2023, CDCR 7219 and a razor restriction that had been posted at his cell; neither was included in the selected production. Osuna Decl. ¶ 2. The ten-page supplement consisted of selected notes, not the complete incident-related 7219 forms, unit-health record, crisis-bed record, or associated safety materials. ECF No. 44-1 at 16–17.

Defendants should produce: (1) December 13, 2022–January 10, 2023 and May 5–June 30, 2023 crisis-bed records, including admission, treatment, discharge, housing, IDTT and safety plans, medication orders and administration, relevant laboratory results, injury and seizure/fall assessments, sharps restrictions, and custody communications; (2) claim-period unit-health and mental-health records, including CDCR 128-MH3, CDCR 7230, treatment chronos, evaluations, safety precautions, and staff communications concerning documented risks, treatment, or housing; (3) January–May 2023 incident-related CDCR 7219s, photographs, examinations, treatment, referrals, and refusal-of-treatment or mitigation evidence Defendants may rely on.

These records bear on documented seizure, fall, self-injury, and sharps risks; mental-health assessments and resulting safety precautions; information communicated to custody; the response to broken glass in Cell 44; and Defendants' causation and mitigation theories. Plaintiff seeks them for the surviving conditions claim, not a separate medical-care claim.

Although ECF No. 33 stated that Defendants were not then aware of video or photographic evidence, their later disclosure identified January 15 body-worn-camera footage and

screenshots, and Plaintiff's grievance history identifies additional April and May recordings. ECF No. 33 at 4; ECF No. 44-1 at 6; Osuna Decl. ¶ 6. ECF No. 34 also covers related video and photographs. Defendants should produce any preserved body-worn-camera, AVSS, or other video or photographic evidence depicting Cell 44, Plaintiff's injuries, the April 2023 injury or Cell 44 events, or the May 5–6 removal, cleaning, escort, crisis intervention, or return to housing. If no such record remains, the supplemental response should identify the repositories searched and, if known, the applicable retention or deletion information.

**E. Section 2602 submissions, related safety records, and disciplinary context**

Defendants identify section 2602 orders and RVRs as potential evidence. ECF No. 33 at 3. The petitions, clinical assessments, hearing records, and dispositions are needed to determine whether comparable behavior was attributed to mental illness or treatment factors and whether discipline was modified or dismissed. Osuna Decl. ¶ 7. Producing sustained RVRs without responsive mental-health-informed dispositions would risk a misleading historical account.

Defendants should produce section 2602 orders operative during January–June 2023 and nonprivileged petitions, clinician declarations, treatment-team recommendations, evaluations, hearing submissions, findings, and initiation, renewal, modification, or termination records supporting those orders, including earlier records incorporated into or relied upon in those proceedings; related RVRs and mental-health recommendations showing the effects of mental illness, insight, medication, or treatment on discipline, housing, precautions, or care; and any later section 2602 or RVR materials Defendants intend to use with necessary contextual records. Include operative policies governing mental-health findings in these proceedings during the periods covered.

**F. Complete nonconfidential central file; targeted production as alternative relief**

Request No. 2 seeks Plaintiff's complete central file, including evaluations, disciplinary and incident reports, and related safety records. Defendants themselves identified custodial, grievance, medical, mental-health, disciplinary, and section 2602 records as potential evidence supporting their defenses and represented that responsive records within CDCR or CCHCS control would be produced. ECF No. 33 at 3–4. The Answer acknowledges crisis-bed placement

and section 2602 orders dating to at least 2020. ECF No. 25 at 3. Earlier assessments, classification decisions, safety precautions, and disciplinary dispositions may establish what risks were documented and what information was available or transmitted to Corcoran. Rule 26(b)(1) governs proportionality, but production should not omit responsive context bearing on Defendants' asserted defenses.

Plaintiff requests his complete nonconfidential central file through June 30, 2023, plus later-created records concerning the incidents, grievances, or defenses Defendants intend to use, subject to narrow third-party redactions and ECF No. 35 withholding procedures. Alternatively, if complete-file production is disproportionate, Plaintiff requests targeted responsive records described in Sections IV.C–IV.E.

**G. Policy versions corresponding to Defendants' post-event production**

Defendants identified OP 614 (2025), OP 225, RHU (2025), and late-2023 and 2024 memoranda for events occurring in 2023. ECF No. 44-1 at 5; ECF No. 38 at 107–08. The Answer distinguishes the then-existing Short-Term Restricted Housing designation from the later RHU creation. ECF No. 25 at 3. If Defendants rely on these materials to establish governing procedures, they should produce the versions effective January–May 2023, including approval, effective-date, and revision records identifying responsible officials, concerning cell and window inspections; emergency repairs; unsafe-cell restriction, cleaning, closure, or continued occupancy; restricted-housing placement and movement; safety checks; mental health/Coleman procedures and policies and any court designations that such policies/procedures do or do not override facility and Department policies/procedures; sanitation; and documentation and routing. Alternatively, Defendants should identify any unavailable versions or disclaim reliance on post-event policies as evidence of procedures governing the 2023 events.

## V. AN OLSON REVIEW IS NOT A SUBSTITUTE FOR DISCOVERY

An Olson review entails several weeks of staff-controlled screening, appointment, and copying. DOM §§ 13030.16.3, 13030.21. Prior Olson and health-record requests did not yield these materials. Osuna Decl. ¶ 9. Whatever independent access it may provide, an Olson review does not discharge Defendants' obligations under Rule 34 or ECF No. 34. Counsel's referral to

that process did not address the identified missing attachments, wrong-cell and wrong-year records, or records Defendants had represented they would produce.

## VI. REQUESTED ORDER

1. Within thirty days, order production of nonduplicative records identified in Sections IV.A–IV.G to the extent required by ECF No. 34 or responsive to Requests Nos. 2–4 under Rules 26 and 34, or identification of their existing Bates numbers. If complete central-file production is disproportionate, order the targeted records described in Section IV.F.
2. Compel specific Rule 34 responses to August 27, 2026, Requests Nos. 2–4, identifying records produced or withheld and the grounds for any objections.
3. Require supplemental responses identifying the repositories and date ranges searched and whether missing records do not exist, could not be located, were lost or destroyed, are withheld, or are outside Defendants' possession, custody, or control, identifying any known custodian. Searches shall encompass relevant medical, mental-health, housing, disciplinary, grievance, maintenance, and safety records.
4. Require any privilege or confidentiality withholding to comply with ECF No. 35, including applicable privilege-log and in-camera-review requirements. Any redactions shall be narrowly tailored and specifically justified.

## RULE 37(a)(1) CERTIFICATION

Plaintiff certifies under Rule 37(a)(1) that he sent letters dated September 16 and October 1 identifying particular production deficiencies and requesting correction or a conference by telephone or mail. His September 16 letter bears a dated certificate of service, and the October 1 correspondence also has a service certificate. Plaintiff reports no resolution.

October 20, 2026,

Jamie Osuna

**DECLARATION OF JAMIE OSUNA**

1. I am Plaintiff, incarcerated at California State Prison, Corcoran, and make this declaration from personal knowledge.
2. I reviewed Defendants' production, DEFS. POD 0001–0183, and supplement, DEFS. POD 0184–0193. The supplement contained selected psych-tech and nursing notes, not the complete incident-related records. I supplied counsel the April 28, 2023, CDCR 7219 and a razor restriction posted at my cell; neither appeared in Defendants' production.
3. Defendants omitted grievance attachments I submitted. Institutional staff informed me that the attachments were scanned and available through CDCR systems. I also obtained a more complete grievance log from the litigation coordinator and supplied it to counsel.
4. The May 5, 2023, Plant Operations request identifies itself as the second request, yet Defendants did not produce the first. Work Order 561827 was issued as Priority 1 on May 8 and completed May 11, 2023.
5. DEFS. POD 0072–0073 concern 2019–2020 segregation profiles; DEFS. POD 0074, 0076, and 0079 identify Cell 4A1R-30; and DEFS. POD 0085 and 0087 identify Cell 4A2L-49. During the claim period of 2023, I occupied Cell 4A1L-44 except during temporary movements. Defendants produced no comparable claim-period Cell 44 daily-activity, search, inspection, CDCR 128-B, or custody and psych-tech round records.
6. I occupied a crisis bed from December 13, 2022, through January 10, 2023, and again in May 2023. Defendants did not produce complete admission, treatment, safety, medication, discharge, housing, injury, or custody-communication records. Earlier records document seizures or blackouts, seizure-control medication, falls, self-harm risks, and sharps restrictions. My grievance also identified video associated with the April and May 2023 Cell 44 events.
7. CDCR initiated or renewed Penal Code section 2602 proceedings supported by clinical and treatment-team assessments addressing mental illness, medication, behavior, capacity, and

safety. Mental-health findings also affected disciplinary dispositions. Defendants identified section 2602 orders and RVRs as potential evidence without producing their complete supporting records.

8. On August 27, 2026, I served Requests for Production Nos. 2–4 seeking my central file, crisis-bed records, and unit-health records, including disciplinary reports, evaluations, treatment records, IDTT materials, chronos, and mental-health assessments. Counsel's September 29 letter, postmarked October 2 and received October 8, objected that the requests lacked limits and directed an Olson review.

9. Prior Olson and written health-record requests, including one in 2023, were denied, unprocessed, incomplete, or otherwise unsuccessful. I cannot independently access ERMS, SOMS, or CCHCS systems. Staff control appointments and copying, and the restrictions documented in ECF No. 37 prevent me from reproducing the necessary discovery materials as exhibits before the deadline.

10. My September 16 and October 1 letters identified specific missing records and Bates-numbered deficiencies and requested correction or conferral by mail or telephone. Counsel did not respond, and the deficiencies remained unresolved.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 20, 2026

Jamie Osuna