ROB BONTA, State Bar No. 202668
Attorney General of California
DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
Deputy Attorney General
State Bar No. 145931
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-6648
Fax: (916) 324-5205
E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*
*T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T. Sparks-Mendoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br>Plaintiff,<br>**v.**<br>**T. CAMPBELL, et al.,,**<br>Defendants. | 1:24-cv-01156-JLT-EPG<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL (ECF NO. 48)**<br><br>Judge: The Honorable Erica P. Grosjean<br>Trial Date: None Set<br>Action Filed: September 30, 2025 |

## INTRODUCTION

Defendants respond to Plaintiff Jaime Osuna's (Osuna) motion to compel filed on October 23, 2023. (ECF No. 48.) The parties exchanged initial disclosures in May 2026 as required by the Court's March 24, 2026 order. The motion to compel addresses Defendants' disclosures and three of Osuna's First Request for Production of Documents. There is no basis to grant Osuna's motion because Defendants' initial disclosures complied with the discovery order requiring such disclosures, Defendants have agreed to supplement those disclosures with corrected documents if possible, and Osuna's discovery requests 2, 3, and 4 do not comply with Rule 26 of the Federal Rules of Civil Procedure.

## DISCUSSION

### I. PROCEDURAL BACKGROUND

Osuna and Defendants exchanged documents as initial disclosures required by the Court's March 24, 2026 order. (Thorn Decl. ¶¶ 2 and 3, and Exhibits A, B, and C.) Defendants responded as required to each applicable category of documents and served Osuna with documents for the categories relevant to Osuna's sole claim for unconstitutional conditions of confinement. (*Id.*)

Osuna served Defendants with Plaintiff's First Request for Production of Documents (First Request for Production) on or about August 27, 2026. (Thorn Decl. ¶ 4, Exhibit D.) On September 29, 2026, Defendants sent Osuna a letter advising him that Request Nos. 2, 3 and 4 were objectionable because they sought production of Osuna's entire C-file, and all of his medical and mental health records, without any limit as to the scope of time or category of documents requested. (*Id.* ¶ 5, Exhibit E.) Defendants also advised Osuna that the documents were available to him at his institution. (*Id.*)

On October 1, 2026, counsel for Defendants wrote to Osuna concerning his responses to Defendants' Request for Production of Documents, notifying him that although counsel had received the written responses and objections, no documents were provided. (Thorn Decl. ¶ 6, Exhibit F.)

On or about October 1, 2026, Osuna sent Defendants a document titled "Plaintiff's Second Request to Defense Counsel to Meet and Confer and to Correct/Remedy Improper Production of . . . Initial Disclosures." (Thorn Decl. ¶ 7, Exhibit G.) Counsel for Defendants first reviewed Osuna's request upon her return from leave on October 14, 2026, and immediately contacted Osuna's institution to schedule the requested meet and confer. (*Id.*) Counsel met with Osuna via telephone on October 22. During the meet and confer, Osuna did not mention that he had already filed the present motion to compel nor did he raise the issues presented in the motion to compel that were not raised in his October 1 request. (*Id.*)

On October 23, 2026, Defendants served Osuna with their response to the First Request for Production. (Thorn Decl. ¶ 8, Exhibit H.)

On October 27, 2026, Defendants' counsel sent Osuna a letter confirming the issues discussed at the October 22 meeting and provided Osuna with a list of the documents Defendants had received from Osuna to date. (*Id.*, Exhibit C.)

In response to Osuna's motion, Defendants' counsel made additional requests to COR for video footage or photographs related to Osuna's claim based on his conditions of confinement. On Thursday, November 5, 0226, Defendants attempted to show two video files to Osuna, but he refused to leave his cell to view the videos. ((Thorn Decl. ¶ 14.)

## II. Permissible Discovery Under the Federal Rules of Civil Procedure

Rule 26(b)(1) of the Federal Rules of Civil Procedure limits discovery to information "relevant to any party's claim or defense" and requires that such discovery be proportional to the needs of the case. The court has an independent obligation to consider the appropriateness of discovery. Fed. R. Civ. P. Rule 26(b)(2)(C), requires that on motion or on its own, the court must limit the frequency or extent of discovery if the proposed discovery is outside the scope permitted by Rule 26(b)(1).

## III. Defendants' Responses to Osuna's Specific Requests

### A. Work Orders for Window Repairs

Osuna acknowledges that Defendants produced documents related to the repair of his cell window. (ECF No. 48 at 3:16-24.) He claims, however, without providing the basis, that there is an earlier work order request that was not produced. (*Id.*) Defendants confirm that there was only one work order request related to Osuna's cell. (Thorn Decl. ¶ 9.)

### B. Grievance and Investigation Materials

Osuna claims that Defendants' initial disclosures did not include "the complete grievance file" for the grievance at issue in this case, grievance Log No. 397422 and a related health care appeal (COR HC 23000809). (ECF No. 48 at 2:18-27.) Defendants have reviewed all available documents and confirm that all required documents were included as part of Defendants' initial disclosures. (Thorn Decl. ¶ 10 and Exhibit A-1 to A-2.) Osuna seems to be requesting that Defendants provide, as part of their initial disclosures, documents that he believes should be part of a grievance file (all scanned attachments, interview notes, worksheets, evidence records,

routing and audit history, and all decisions, including any communication, routing entry, attachment, or investigative record concerning the outside notice to the Coleman Project Team or Associate Warden). Defendants understood their initial disclosures to require the production of an inmate's grievance and not necessarily every other document associated with such grievances. Defendants further believe that the documents Osuna seeks are documents he sent to the COR grievance office with his May 9, 2023 grievance, which he produced to Defendants as part of his disclosures. As with the other requests, Defendants have made second and third requests to COR staff to double and triple check that the entire grievance file was provided to Osuna. (Thorn Decl. ¶ 10.)

**C. Daily Activity Reports, Inspection, and Cell Search Records**

Defendants discovered that the CDC 114-A inmate segregation records for Osuna that were provided as part of Defendants' initial disclosures were for the wrong period of time. (Thorn Decl. ¶ 11.) During their meeting on October 22, 2026, counsel for Defendants notified Osuna that Defendants were working to locate the correct documents and would produce any available documents. (*Id.*)

In addition to Osuna's segregation records, Defendants produced to Osuna, as part of their response to his discovery requests, the Daily Activity Reports for Facility 4A (Osuna's housing unit) for the period of January 15, 2023, through May 6*, 2023.* (Exhibit H at 8:1-16.) Those documents contain the information Osuna requests in his motion and in his discovery requests.

**D. Incident-related Medical, Crisis-bed, Unit-health, and Safety Records**

Osuna complains that Defendants' initial disclosures did not include certain documents related to his mental health treatment, including an April 28, 2023, 7219 Report of Injury and a 128B Chrono for a razor restriction. The documents listed (ECF No. 48 at 5:15-22) relate to his claims against his mental health clinicians that were previously screened out by this Court's October 10, 2025 order, which limits Plaintiff's claims to unconstitutional conditions of confinement. (ECF No. 18.) Osuna's allegations concern the conditions of his cell from January 15, 2023, through May 5, 2023. (ECF No. 16 at 6:25 – 9:26 and 17 and ECF No. 18.) Documents

outside of that period are not relevant to his claim or to any defenses and Osuna has not presented any factual basis for their production except to provide a general list of documents.

With respect to photographs and video footage, Osuna acknowledges that Defendants provided some photographs in their initial disclosures. (ECF No. 48 at 5:28 – 6:3.) Defendants will only benefit from the production of all available video and photographic evidence concerning the conditions of Osuna's cell between January 15, 2023, and May 5, 2023. Defendants located and attempted to meet with Osuna on November 4, 2026, to review two video files. (Thorn Decl. ¶ 14.) However, Osuna refused to meet with Defendants' counsel to view the videos. (*Id.*)

Osuna also states that Defendants should produce documents related to "the May 5-6 removal, cleaning, escort, crisis intervention, or return to housing and if no such documents exists, a supplemental response should identify the repositories searched and, if known, the applicable retention or deletion information." (ECF No. 48 at 6:5-7.) Defendants produced video evidence that exists and is related to Osuna's conditions of confinement case. Defendants have also responded to and produced e-mails concerning communications from Defendants and produced the Daily Activity Reports that exist for his housing unit for the period January 15, 2023, through May 5, 2023. (Thorn Decl., Exhibit H at 6:11-26 and at 8:1-16.)

### E. Section 2602 Submissions, Related Safety Records, and Disciplinary Context

Documents related to orders for Osuna's involuntary psychiatric medications are not relevant to any claims that remain in this case. Even if they were deemed to be relevant, Osuna has those documents and produced them as part of his initial disclosures. (Thorn Decl. ¶ 12.) There is nothing in Osuna's motion that substantiates his position that such records should be produced as relevant to his conditions of confinement claim.

### F. Complete Nonconfidential Central File

Osuna requests that Defendants produce his "complete nonconfidential central file through June 30, 2023, plus later created records concerning the incidents, grievances, or defenses Defendants intend to use, subject to narrow third-party redactions and ECF No. 35 withholding

procedures. Alternatively, if complete-file production is disproportionate, Plaintiff requests targeted responsive records described in Sections IV.C-IV.E." (ECF No. 48 at 7:6-10.)

First, Osuna acknowledges that he has had the opportunity to and has reviewed his central file from his "[p]rior Olson and written health-record requests." (ECF No. 48 at 10:9-13.) Osuna states that his requests were unsuccessful but provides no evidence or details concerning his requests and why he considers them unsuccessful. Without additional details, it is not possible to tell what occurred, which documents he received, and what was allegedly denied. Osuna references document No. 37, which is his May 20, 2026 motion for an extension of time. That document does not provide any information on what has occurred over the past five months to any requests Osuna made to review his central file. In fact, the exhibits show that COR was scheduling his library time. (ECF No. 37 at 5, 6, 9, 10, and 11.)

Second, Osuna's request for his entire central file is overbroad on its face and seeks documents that are not relevant to the conditions of confinement for the period January through May 2023. Osuna's central file exceeds 10,000 pages. (Thorn Decl. ¶ 13.) A request for an inmate's entire central file of more than 10,000 pages, with no specification of which portions are relevant to the claims or defenses at issue, fails to connect the requested documents to any particular claim or defense. Rule 26 of the Federal Rules of Civil Procedure limits discovery to that which is non-privileged, relevant to claims and defenses in the case, and is proportional to the needs of the case. A blanket request for an entire file does not satisfy this standard because it does not identify how each portion of the file relates to the specific claims being litigated.

Third, Defendants have either responded to or produced documents described in Sections IV.C-IVE. See Sections III.C, III.D, and III.E, *supra*.

**G. Policy Versions Corresponding to Defendants' Post-event Production**

Defendants produced to Osuna updated operating policies for three policies that may be relevant to his claim. (Exhibit H-2:6-24.) However, without a defined universe of the policies Osuna seeks, Defendants are at a loss as to the specific policies he seeks. This request is overbroad and should be denied.

## IV. Response to Requested Production

Osuna sets forth the terms of an order he seeks through the current motion. For the reasons outlined above, there is no basis to order the relief requested.

First, Osuna asks the Court to order Defendants to produce within thirty days, nonduplicative records identified in his motion. For the reasons set forth above, Requests Nos. 2-4 do not comply with Rule 26 and, although Defendants advised Osuna of this fact on September 29, 2026, he has still not presented a set of limited requests.

Second, Osuna asks the Court to compel Defendants' responses to his Requests Numbers 2-4, identifying records produced or withheld and the grounds for any objections. Defendants' responses to Osuna's Request for Production of Documents provides the requested responses. (Exhibit H at H-3 through H-5.)

Third, Osuna wants the Court to require Defendants to supplemental their responses identifying the repositories and date ranges searched and whether missing records do not exist, could not be located, were lost or destroyed, are withheld, or are outside Defendants' possession, custody, or control, identifying any known custodian. Also the searches shall encompass relevant medical, mental-health, housing, disciplinary, grievance, maintenance, and safety records. There is no basis to order Defendants to provide the details of their document production. Osuna has not demonstrated that Defendants wrongfully withheld documents in response to any request allowed under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

Fourth, Osuna wants the Court to require that Defendants provide a privilege log to identify any privilege or confidentiality withholding to comply with ECF No. 35, including applicable privilege-log and in-camera-review requirements. Defendants have not withheld any documents on the basis of a privilege or confidentiality concerns. (Exhibit H.)

## CONCLUSION

Defendants complied with the Court's order requiring initial disclosures. While Osuna may not agree with the disclosures, with the exception of the 114-A's that were produced for the wrong period, Osuna's remedy was to file a discovery request to seek documents that fell outside of the required initial disclosures. Osuna did not do so. Instead, he served Defendants with

document requests that are so broad as to make an adequate response impossible. When Defendants notified Osuna that his requests were too broad and that he should review the documents requested at his institution, Osuna did not narrow his requests. And when he met and conferred with Defendants, he did not disclose that he had filed the instant motion directed at those overly broad requests and Defendants' initial disclosures. Osuna cannot use a motion to compel to revise or amend requests that are too broad. Defendants request that the Court deny Osuna's motion.

Dated: November 12, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON G. MCCLAIN
Supervising Deputy Attorney General

***/s/ Elise Owens Thorn***
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*
*T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T.Sparks-Mendoza*

SA2025402621

# CERTIFICATE OF SERVICE

Case Name: **J. Osuna v. T. Campell, et al.** No. **1:24-cv-01156-JLT-EPG**

I hereby certify that on November 12, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL (ECF NO. 48)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On November 12, 2026, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna
BD0868
California State Prison - Corcoran
P.O. Box 3476
Corcoran, CA 93212
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 12, 2026, at Los Angeles, California.

| Z.Ho | /s/Z.Ho |
|---|---|
| Declarant | Signature |

SA2025402621
68860618.docx