ROB BONTA, State Bar No. 202668
Attorney General of California
DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-6648
Fax: (916) 324-5205
E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T. Sparks-Mendoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**T. CAMPBELL, et al.,,**<br><br>Defendants. | 1:24-cv-01156-JLT-EPG<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL (ECF NO. 48)**<br><br>Judge: The Honorable Erica P. Grosjean<br>Trial Date: None Set<br>Action Filed: September 30, 2025 |

**DECLARATION**

I, Elise Owens Thorn, declare:

1. I am a deputy attorney general licensed to practice before all courts of the State of California and before this court. I am employed by the office of the attorney general to represent defendants *T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T. Sparks-Mendoza* and file this declaration in response to Plaintiff Jaime Osuna's motion to compel. (ECF No. 48.)

2. On May 20, 2026, Defendants served Osuna with initial disclosures required by the Court's March 24, 2026 order. Attached as Exhibit A is a true and correct copy of the disclosure

statement, excluding the183 pages of documents produced with the statement. On May 27, 2026, Defendants served Osuna with a second set of documents as supplemental disclosures. Attached as Exhibit B is a true and correct copy of the supplemental disclosure statement that I served on Mr. Osuna on May 27, 2026, excluding the documents produced with the statement.

3. Attached hereto as Exhibit C is a true and correct copy of my letter to Osuna dated October 27, 2026.

4. Osuna served Defendants with a first request for production of documents dated August 27, 2026 (First Production Request). Attached as Exhibit D is a true and correct copy of the First Production Request.

5. On September 29, 2026, Defendants sent Osuna a letter advising him that requests numbers 2, 3 and 4 from the First Production Request were objectionable because they sought production of Osuna's entire C-file, and all of his medical and mental health records, without any limit as to the scope of time or category of documents requested. Attached as Exhibit E is a true and correct copy of my September 29 letter.

6. On October 1, 2026, I wrote to Osuna concerning his responses to Defendants' Request for Production of Documents. Attached as Exhibit F is a true and correct copy of my October 1, 2026 letter.

7. On October 7, 2026, the Office of the Attorney General received a document from Osuna titled "Plaintiff's Second Request to Defense Counsel to Meet and Confer and to Correct/Remedy Improper Production of . . . Initial Disclosures," dated October 1, 2026, a true and correct copy of which is attached as Exhibit G. I was on leave from work from October 2 through October 14, 2026. Upon my return from leave, I read Osuna's request to meet and confer and immediately contacted Osuna's institution to schedule the requested meet and confer. I met with Osuna via telephone on October 22 to discuss the issues that he raised in his October 1 request to meet and confer. Osuna did not mention that he had already filed the present motion to compel or discuss issues raised in the motion other than deficiencies in Defendants' initial disclosures. Although I told Osuna that I had not received his September 16 letter, he has still not provided that letter and did not attach it to his motion.

8. On October 23, 2026, I served Osuna with Defendants' response to Plaintiff's First Production Request. A true and correct copy of the written response, excluding the documents produced, is attached as Exhibit H.

9. As part of my investigation of Osuna's claim, I requested that the litigation coordinator at California State Prison-Corcoran (COR) provide me with any and all documents related to the repair of Cell 4A1L-44, the cell at issue in this case. I produced all records that I received from COR concerning the repairs. (Exhibit A at 2:1-4.) Upon receipt of Osuna's motion to compel, I requested that COR staff make additional searches for any additional records concerning the repairs. COR staff confirmed that the work order that I produced is the only work order.

10. Osuna claims that Defendants did not produce the complete grievance file for the grievance at issue in this case, grievance Log No. 397422, and a related health care appeal, COR HC 23000809, as part of their initial disclosures. Defendants have reviewed all available documents and confirm that all responsive documents were included as part of Defendants' initial disclosures.

11. Based on Osuna's Second Request to Meet and Confer (Exhibit G), I reviewed Defendants' initial disclosures and discovered that the CDC 114-A inmate segregation records for Osuna that were provided as part of Defendants' initial disclosures were not for the relevant period. During our October 22 meeting, I notified Osuna that I was working to locate the correct documents and would produce any available documents if they can be located.

12. Osuna produced as part of his initial disclosures on May 10, 2026, a copy of a Declaration for Renewal of Involuntary Medication dated February 13, 2023.

13. As part of my investigation of Osuna's claim and to provide initial disclosures and respond to Osuna's First Request for Production, I obtained and reviewed his central file, which is in excess of 10,000 pages.

14. In response to Osuna's motion, I made additional requests to COR for video footage or photographs related to Osuna's claim based on his conditions of confinement. I have obtained one short video file for April 12, 2023, which shows the outside of Osuna's cell. I arranged to

show the video to Osuna, along with the video referenced in Defendants' initial disclosures. However, Osuna refused to come out of his cell to meet with me to view the video files.

I declare under penalty of perjury that this declaration is true. Executed November 12, 2026, at Sacramento, California.

*/s/ Elise Owens Thorn* _________
Elise Owens Thorn
Deputy Attorney General
Office of the Attorney General

# EXHIBIT A

ROB BONTA, State Bar No. 202668
Attorney General of California
DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
Deputy Attorney General
State Bar No. 145931
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-6648
Fax: (916) 324-5205
E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*
*T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T. Sparks-Mendoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br>Plaintiff,<br>v.<br>**T. CAMPBELL, et al.,,**<br>Defendants. | 1:24-cv-01156-JLT-EPG<br>**DEFENDANTS' DISCLOSURE OF DOCUMENTS IN RESPONSE TO MARCH 24, 2026 ORDER (ECF NO. 34)**<br>Judge: The Honorable Erica P. Grosjean<br>Trial Date: None Set<br>Action Filed: September 30, 2025 |

Defendants submit the following response and the attached documents, Bates stamped DEFS. POD – 0001 through 0183, to Plaintiff Jaime Osuna in response to the Court's March 24, 2026 order. (ECF No. 34.)

a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals, if any.

**Response:**

1. 5/9/23 Health Care Grievance Log # HC COR 23000809;
2. 5/21/23 Health Care Grievance Attachment 602 HC A (Page 1);
3. 8/24/23 Health Care Grievance Attachment (Page 2);

4. Report and timeline for Grievance/Appeal Claim Log #: 397422, Claim # 2 and attachments: OP 614 - Work Requests, Work Orders, and Project Requests – 2025; .5/8/23 Work Order 561827; OP 225 - Restricted Housing Unit (RHU) 2025 with addenda 25-28 and 25-40; 5/5/23 Plant ops work request by S. Mecum;
5. 6/23/23 Office of Grievance decision Log #: 000000397422;
6. 7/18/23 CDCR Office of Appeals Acknowledgment Receipt for Log # 000000397422; and
7. 9/17/23 CDCR Office of Appeals Decision for Log # 000000397422.

b. Documents regarding a Rules Violation Report associated with the incident(s) alleged in the complaint, including disciplinary charges and findings, if any.

**Response:**

1. 1/15/23 Rules Violation Report;
2. 1/26/23 Informative Chrono CDC-128B;
3. 2/7/23 Investigative Report for RVR Log Number 000000007260116;
4. 2/15/23 Waiver to Appear in Person at Hearing;
5. 2/22/23 Disciplinary Hearing Results; and
6. 2/27/23 Final Rules Violation Report.

c. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s), if any.

**Response:**

See documents identified in response to category (a) above.

d. Incident reports regarding any use of force incident(s) alleged in the complaint, if any.

**Response:** There are no use of force incidents alleged in the complaint.

/ / /

/ / /

e. Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, if any.

**Response:** Defendants identify below psychiatric technician and nursing progress notes related to the issues in the case. Defendants are withholding production of the referenced notes pending review and approval for disclosure to Plaintiff by mental health leadership at California State Prison - Corcoran. These documents are available to Plaintiff as part of his electronic medical record and will be produced to Plaintiff upon receipt of the referenced approval.

1. CDCR 7219 Psych Tech Progress Notes for the following dates: 1/15/23, 1/28/23, 2/11/23 (3:15 p.m.), 2/11/23 (5 p.m.), 4/19/23, 4/22/23, 4/25/23 (1:10 p.m.), 4/25/23 (5:12 p.m.), 4/28/23, 5/3/23, 5/5/23, 5/9/23, and 5/14/23; and
2. CDCR 7219 Nursing Progress Note for April 19, 2023.

f. Chronos for transfer or Administrative Segregation placement related to the incident(s) alleged in the complaint, if any.

**Response:** None.

g. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s), if any.

**Response:**

1. Body Worn Camera Footage from 1/15/23. Arrangements will be made with the staff at California State Prison – Corcoran for Plaintiff to review the video footage.
2. Screen shots taken from the 1/15/23 Body Worn Camera footage.

h. Documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment, if any.

**Response:**

1. Bed Assignments Report for Inmate Jaime Osuna, CDC# BD0868;
2. Inmate Segregation Record, CDC-114A – Reports of Daily Activity for the period January 3, 2023 through June 7, 2023;
3. Inmate ICC Case Notes (Jan 2023 – June 2023);

4. 4/12/23 Rules Violation Report;
5. 4/28/23 CDC 128B Chrono;
6. 4/28/23 Case Note re gassing incident;
7. 5/5/23 Plant operations work request;
8. 5/8/23 Work Order Request for Cell Window Replacement;
9. Structural properties of cell door window.

Dated: May 20, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON G. MCCLAIN
Supervising Deputy Attorney General

***/s/ Elise Owens Thorn***
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*
*Tammy Campbell, Andrew Johnson, Alonzo Aranda, Enrique Moreno, Barbara McKinney and Tiffany Sparks-Mendoza*

SA2025402621
39694314.docx

# CERTIFICATE OF SERVICE

Case Name: **J. Osuna v. T. Campell, et al.** No. **1:24-cv-01156-JLT-EPG**

I hereby certify that on May 20, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' DISCLOSURE OF DOCUMENTS IN RESPONSE TO MARCH 24, 2026 ORDER (ECF NO. 34)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 20, 2026, at Sacramento, California.

| | |
|---|---|
| K. Vitalie | ***/s/ K. Vitalie*** |
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On May 20, 2026, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA 93212
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 20, 2026, at Sacramento, California.

| | |
|---|---|
| I. Martinez | ***/s/ I. Martinez*** |
| Declarant for Service by U.S. Mail | Signature |

SA2025402621/39861290.docx

# EXHIBIT B

ROB BONTA, State Bar No. 202668
Attorney General of California
DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
Deputy Attorney General
State Bar No. 145931
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-6648
Fax: (916) 324-5205
E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants*
*T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T. Sparks-Mendoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br>Plaintiff,<br>**v.**<br>**T. CAMPBELL, et al.,,**<br>Defendants. | 1:24-cv-01156-JLT-EPG<br>**DEFENDANTS' SUPPLEMENTAL DISCLOSURE OF DOCUMENTS IN RESPONSE TO MARCH 24, 2026 ORDER (ECF NO. 34)**<br>Judge: The Honorable Erica P. Grosjean<br>Trial Date: None Set<br>Action Filed: September 30, 2025 |

Defendants submit the following supplemental response to Plaintiff Jaime Osuna in response to the Court's March 24, 2026 order. (ECF No. 34.)

e. Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, if any.

Documents, Bates stamped DEFS. POD – 0184 through 0193, CDCR 7219 Psych Tech Progress Notes for the following dates: 1/15/23, 1/28/23, 2/11/23 (3:15 p.m.), 2/11/23 (5 p.m.),

/ / /

/ / /

4/19/23, 4/22/23, 4/25/23 (1:10 p.m.), 4/25/23 (5:12 p.m.), 4/28/23, 5/3/23, 5/5/23, 5/9/23, and 5/14/23; and CDCR 7219 Nursing Progress Note for April 19, 2023.

Dated: May 27, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON G. MCCLAIN
Supervising Deputy Attorney General

***/s/ Elise Owens Thorn***
ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants*
*T. Campbell, A. Johnson, A. Aranda, E. Moreno, B. McKinney and T. Sparks-Mendoza*

SA2025402621
39694314.docx

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **J. Osuna v. T. Campell, et al.**
No.: **1:24-cv-01156-JLT-EPG**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On May 27, 2026, I served the attached

- **DEFENDANTS' SUPPLEMENTAL DISCLOSURE OF DOCUMENTS IN RESPONSE TO MARCH 24, 2026 ORDER (ECF NO. 34)**
- **PROGRESS NOTES DEFS POD – 0184 - DEFS POD - 0193**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, Sacramento, CA 95814, addressed as follows:

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA 93212
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 27, 2026, at Sacramento, California.

| K. Vitalie | ***/s/ K. Vitalie*** |
|---|---|
| Declarant | Signature |

SA2025402621
39869205.docx

# EXHIBIT C

CALIFORNIA
DEPARTMENT OF JUSTICE

**Rob Bonta**
***Attorney General***

1300 I STREET, SUITE 125
SACRAMENTO, CA 95814

Public: (916) 445-9555
Telephone: (916) 210-6648
Facsimile: (916) 324-5205
E-Mail: Elise.Thorn@doj.ca.gov

October 27, 2026

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA 93212

RE: *J. Osuna v. T. Campell, et al.*
U.S.D.C., Eastern District of California Case No. 1:24-cv-01156-JLT-EPG

Dear Mr. Osuna:

Thank you for meeting with me on October 22 to discuss your concerns with Defendants' initial disclosures. As you mentioned in your letter to me of October 22, 2026, we ran out of time to discuss some additional discovery issues that I outlined below.

Concerning Defendants' initial disclosures, I committed to obtaining corrected 114-A's from the institution and I will provide those to you as soon as I receive them.

I wrote to you on October 1, 2026, concerning the production of documents in response to Defendants' Request For Production of Documents. I have still not received documents in response to the request. On September 29, 2026, I received your written response to the Request for Production of Documents, but it did not include any documents. Below is a list of the documents that I have received from you to date and that you listed in the October 22 notice that I received today. The total pages listed (503) include your cover pleading or notice.

1. 5/10/26 Initial Disclosures (87 pages)
2. 5/11/26 Initial Disclosures (76 pages)
3. 6/16/26 Suppl. Disclosures (35 pages)
4. 6/24/26 Discovery Exchange; Notice to Defendants' Attorney (4th Set) (56 pages)

5. 6/28/26 Initial Disclosures (5th Set) (249 pages)

6. 9/14/26 Response to Request for Production of Documents (20 pages – no documents attached)

7. 9/27/26 Response to Request for Answers to Interrogatories

I also received and will respond to your Second Request for Production of Documents, dated September 30, 2026, and your motion to compel production of documents.

I rescheduled your deposition to November 10, 2026, in order to provide time to collect and produce to you the corrected inmate segregation records.

Sincerely,

*Elise Owens Thorn*

ELISE OWENS THORN
Deputy Attorney General

For ROB BONTA
Attorney General

EOT:aeg

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **J. Osuna v. T. Campell, et al.**
Case No.: **1:24-cv-01156-JLT-EPG**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On October 27, 2026, I served the attached **LETTER DATED OCTOBER 27, 2026 RE: DISCOVERY** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230, addressed as follows:

Jamie Osuna
BD0868
California State Prison - Corcoran
P.O. Box 3476
Corcoran, CA 93212
In Pro Per

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 27, 2026, at Los Angeles, California.

| M. Ma | */s/ M. Ma* |
|---|---|
| Declarant | Signature |

SA2025402621
68827073.docx

# EXHIBIT D

Jamie Osuna BD0868
CSP/COR/RHU
4A-1L-#44L
P.O.BOX:3476
CORCORAN, CA 93212

SCANNED

ELISE OWENS THORN State Bar No.145931
Deputy Attorney General
1300 I street, suite 125
Sacramento, CA 95814

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMIE OSUNA,

Plaintiff,

v.

T. CAMPBELL, et al.,,

1:24-cv-01156-JLT-EPG
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDENTS ATTORNEY

PLAINTIFF In Pro Se

RESPONDING PARTY:ELISE THORN Representing Defendents: T. Campbell, A. johnson A. Aranda, E. moreno, B. McKinney and T. Sparks-Mendoza

Pursuant to rule 26 and rule 34 of the federal rules of civil procedure, plaintiff requests that the defendents produce the following documents. Plesea produce the documents to plaintiff at the department of corrections state prison "Corcoran corcoran california at the latter adrress or at such place as all parties shall hereafter agree. please note that the term 'Document" is defined broadly in F.R.C.P 34 (a)(1) and includes regulations SOPs, memoranda, correspondence, and e-mails.

REQUEST No. 1..all documents that contain, mention, contrued, or refer to policies on staff supervision of inmate/patients at corcoran state prison.

RQUEST No. 2. The complete contents of plaintiffs central file including including but not limited to disciplinary reports, incident reports, evaluations, criminal justice information, and medical and mental health

records. such request shall include but not limited to;

REQUEST No. 3. Mental Health crisis Bed Records including but not limit to (a.) Admission summary, (b.) progress notes, (c.) Orders and lab orderes, (d.) interdisciplinary treatment team plan, (e.) Interdisciplinary treatment team notes, (f.) Discharge summary, especially from the dates regarding the complaint and plaintiffs arrival at corcoran end of 2022

REQUEST No. 4. UNIT HEALTH RECORDS UHR, CDCR 128-MH3 menatl health traetment chrono and CDCR 7386 mental health evaluations in palintiffs UHR record. but not limited to defendents intrees/notes.

REQUEST No. 5. UNIT CDCR 7230 interdisciplinary progress notes, by plaintifs treatment team. but not limited to defendents intress and notes.

REQUEST No. 6. Plaintiff mental health (saftey plans); but not limited to NO SHARPS/NO RAZORS made by defendents.

REQUEST No. 7. any e-mails between defendents regarding the incidents in the complaint including other forms of cummunication on either work devices or other.

REQUEST No. 8. Health Care Operation mannual but not limited to medication managment and pharmacy, involuntary psychiatric medication procedure/ criteria.

REQUEST No. 9. Correctional treatment center policy mannual for detaisaled procedures involuntary medication administartion to control symptoms which which constituet a danger to self/others/gravely disablility on the basis of serious mental disorder.

REQUEST No. 10. Custody unit Log sign in sheets for unit 4A-1L CELL #44

REQUEST No. 11. 4A/RHU Facility daily Activity Report (ADR) For Dates/time of palintiffs arrive at corcoran end of 2022 and from end date of complaint CDC 114-A folders, Automated restricted housing record, cell search logs, ect....

REQUEST No. 22. All documents, e-mails, All communications between the defendents and the coleman project team from defendent sparks & B.Mckinney on 2/1/23 and 5/28/23 but not limited to such dates please include any other communications from 2023 and with any other individuals

REQUEST No. 23. all documents mentioning plaintiffs behavior regarding damage of property regarding the Broken windows with sarahjafapour plaintiffs PC 2602 psychiatrist for the year of 2023 including conclusions and treatment plan remedy"s, precautions saftey alerts, including defendents reccomedations to sarajafapour but not limited to march 16 2023,

REQUEST No. 24. All documents communications from renewing psychistrist N. suprovici from DECEMBER 2023 between her and defendents that rekllate back to plaintiffs behvior including mentioning there perspective regarding the destruction of property the broken windows relating to self-injurious behavior, documents not limited to defendents recommendations, perception of plaintiffs behavior regarding the latter treatment plans goals, all saftey alerts for custody imposed on plaintiff, but not limited to NO SHARPS/NO RAZORS,

REQUEST No. 25. all documents mentioning contruding regarding (ORDERS) that were made by plaintiffs mental health treatment team imposed on (CUSTODY) To follow orderes regarding saftey precautions and restrictions that custody and custody defendents had access to.

REQUEST NO. 26. all documets health care records from plaintiffs arrival at corcoran state prison and 2023 however not limited to january 1 2023 to may 5 2023 records from corcorans CTC/TTA treatment center were plaintiff would go for emergency injuries and to be traeted befor housed at suicide watch. documents not limited to custodys communications with medical staff regarding plaintiffs injuries

signature

RESPECTFULLY SUBMITTED THIS DATE: 8/27/26

Jamie Osuna BD0868
4A-1L-#44L
CSP/COR
pobox:3476
corcoran , Ca 93212



P>5 VO

CERTIFICATE OF SERVICE
AND DECLARATION OF SERVICE BY U.S MAIL

Case Name: Jamie Osuna v. T. Campbell, et al
No. 1:24-cv-01156-JLT-EPG

I Declare This is to certify that i have this day served counsel for the opposing parties a copy of the foregoing documents by first class United states mail in a properly addressed envolope with adequete postage thereon. in accordance with the practices of mail collection at corcoran state prison placed in the departmental internal mail collection system at the california state prison corcoran is deposited with the united states postal service;

On August 27, 2026 i served the attached
>PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDENTS ATTORNEY; which consist of 4 pages requesting (26) itemsnumbers by placing a copy thereof enclosed in a sealed envolope in the internal mail collection system at CSP/CORCORAN prison P.O.BOX:3476 corcoran, CA 93212 to
ELISE THORN STATE Bar No 145931 Attorney General office/deputy attorney general
1300 I Street, Suite 125 Sacramento, CA 95814
Attorney for defendents: T. Campbell, A. johnson, a. aranda, E. Moreno, B. McKinney and T. Sparks-Mendoza

I declare under penalty of perjury under the laws of the state of california and the united states of america the foregoing is true and correct and that this declaration and certificate of service was executed on August 27 2026 at corcoran california.

JAMIE OSUNA
Declarant

8/27/26
signature/Date

Thorn
DOCKETED
SEP 0 1 2026
By D. Lemont
SA 2025402621

L. Pena 99552 8/22/26

JAMIE OSUNA#BD0868
4A-1L-#44L
CSP/COR/RHU
P.O.BOX:3476
CORCORAN, CA 93212

SANTA CLARITA
29 AUG 2026

UNITED STATES OF AMERICA FOREVER/USA
UNITED STATES OF AMERICA FOREVER/USA
UNITED STATES OF AMERICA FOREVER/USA

ELISE THORN STATE Bar No.145931
Attorney General Office/deputy attorney general
1300 I Street, Suite 125
Sacramento, CA 95814

DOCKETING UNIT
ATTORNEY GENERAL
SACRAMENTO OFFICE
2026 SEP -1 AM 11:23

*CONFIDENTIAL LEGAL MAIL

# EXHIBIT E

CALIFORNIA
DEPARTMENT OF JUSTICE

**Rob Bonta**
***Attorney General***

1300 I STREET, SUITE 125
SACRAMENTO, CA 95814

Public: (916) 445-9555
Telephone: (916) 210-6648
Facsimile: (916) 324-5205
E-Mail: Elise.Thorn@doj.ca.gov

September 29, 2025

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA 93212

RE: *J. Osuna v. T. Campell, et al.*
U.S.D.C., Eastern District of California Case No. 1:24-cv-01156-JLT-EPG

Dear Mr. Osuna:

I write concerning your request for production of documents to Defendants dated August 27, 2026 and that I received on September 1, 2026. I am preparing a written response and will provide that to you with any available responsive documents by the Court-ordered deadline.

I want to address Request Nos. 2, 3 and 4 that seek the production of your entire C-file, and all of your medical and mental health records. Those requests are objectionable because they are unlimited in scope as to the period of time requested and the category of documents requested. The requests are also objectionable on the basis that those documents are available to you by making a request for an Olsen Review (records review) with your assigned Correctional Counselor II for the C-file and by submitting a GA 22 Form to the Medical Department for your medical and mental health records.

Sincerely,

Elise Owens Thorn

ELISE OWENS THORN
Deputy Attorney General

For ROB BONTA
Attorney General

EOT:aeg

# EXHIBIT F

CALIFORNIA
DEPARTMENT OF JUSTICE

**Rob Bonta**
***Attorney General***

1300 I STREET, SUITE 125
SACRAMENTO, CA 95814

Public: (916) 445-9555
Telephone: (916) 210-6648
Facsimile: (916) 324-5205
E-Mail: Elise.Thorn@doj.ca.gov

October 1, 2026

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA 93212

RE: *J. Osuna v. T. Campell, et al.*
U.S.D.C., Eastern District of California Case No. 1:24-cv-01156-JLT-EPG

Dear Mr. Osuna:

On August 19, 2026, I mailed to you Defendants' Request For Answers To Interrogatories To Plaintiff Jaime Osuna, Set One, and Defendants' Request For Production Of Documents To Plaintiff Jaime Osuna, Set One. On September 29, 2026, I received your written response to the Request for Production of Documents, but it did not include any of the documents that are referenced in the response. Your 45-day deadline to respond to the discovery requests is October 6, including the additional three days for service by mail. Please forward any responsive documents to me by that date or confirm that you have no responsive documents to produce.

Sincerely,

Elise Owens Thorn

ELISE OWENS THORN
Deputy Attorney General

For ROB BONTA
Attorney General

EOT:aeg

# EXHIBIT G

Jamie osuna#BD0868
4A-1L-#44L
CSP/COR
P.O.BOX:3476
CORORAN, CA 93212

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

Jamie Osuna,
Plaintiff,
v.
T. Campbell et al,,..
Defendents.

Case No.1:24-cv-01156-JLT-EPG
PLAINTIFFS SECOND REQUEST FOR DEFENSE COUNSEL TO MET AND CONFER AND TO CORRECT/REMEDY (DEFECTIVE, INCORRECT); IMPROPER PRODUCTION OF COURTS ORDER OF FIRST INITIAL DISCOVERY EXCHANGE TO PROVIDE PLAINTIFF WITH RELEVANT DOCUMENTS RELATING TO COGNIBLE CLAIMS AND CELL #44 AT ISSUE.

TO: Representing Party For Defendents: In the matter of Jamie Osuna v. T.Campbell et al,..

This subject matter is in regards to on 9/16/26 i sent your office directed to Elise owens thorn plaintiffs request for you to correct and remedy improper production of discovery documents i requested to met and confer at prison by visit or by appointment by legal phone call said on page 3 of the letter. or for you to fix the difficency by mail the documents that you initially sent were for one in specific catagories that the judge said we had to find and exchange as examples you sent inmate segergation records CDC 114-A DEFS PODS -0074-0087 are pertaining to cell# 4A1R-cell#30 (DEF PODS 0076, and 0077 same cell, 0078 cell 30 through 0084. then 0085 4A-2L-Cell#49 and so on. however there is 'NO" cell (#44) at issue regarding the cell condi tion and cognible claims your PODS 0073-0074 inmate segergation profile is for years of 1/19/20 pod -0073 and 0072 is year 7/31/2019 which again i can see if you provided this as a category however there is nothing in this cate gory for year of 2022 and 2023 you did not provide documents in these ategories for cell#44 the cell at issue obviously cell#44 is of concern to

you and would be in both of our intrest for you to provide the proper document s as to your integatorie and production of document request were documents that should of originally been exchanged and should be apart of the court order . furhtermore document pods 00-51 the showing of container restriction you did not provide the other "RAZOR RESICTION" that was in my file that i had to provide you with that document was taped on my door throughout 2023 and is of importance to this claim and again should have been provided your rules violation for 4/28/23 also was incomlpete as i provided you with the aucual 7219 that is ooccampany'd with the rules violation. (MEDICAL REPRT OF INIURY OR UNUSUAL OCCURANCE cdcr 7219 document i provided you marked unusual palce of occurance 4A-1L-#44 date of ocurrance 4/28/23 time 11:30 time seen 1147 brief statments "For the past week ive self mutilated due to watson and sparks" this should have been given to me by you. furthermore your documents regarding the grievences were extremly incomplete you failed to provide the attached docuemtns i attached to the grievence wich i provided to you you also did not provide my response when the grievence 397422 was denyd by corcoran i challenged it to sacramento everything should of been included not in pieces you also provided policys that did not exist at that time the RHU op did not exist it was called SHU at that time your client T.campbells name was on those policys also i arrived at corcoran end of 2022 you did not have to focus on other arrival dates as to they are not related to claim the majority of the documents you provided do not have cell #44 on them ive been in the same cell this whole time or it changes when i go to suicide watch crisis if you an im requesting again for you to correct this matter and provide the proper documents that courts orllered use to initally exchange without request i also have not heard from you from my production document request however failure to remedy the issue i will seek court intervention i encourage you to be transparent and provide proper documents as to its in the best of all of our intrest to resolve issues at hand and move this case along wihtout furhther dely's in the futur over these issues again you can make an appointment by legal phone call or by skpyte by the insitutionals scheduling or you can make availablle said documents to me by mail thank you.

CERTIFICATE OF SERVICE

This is to certify i herbystae that i have this day sereved counsel for the oppos ing party an original of the for going documents by first class mail United staes mail in a proprlt addressed envolope with adequete postage thereon. in accordance with the practices of mail collection procedures at corcoran state prison in the departmental internal mail collection syste m. is deposited with the united staes postal service:

On 10/1/26 i serevd the attached documents to defendents attorney
2 page plaintiffs second request for defense counsel to met and confer and to correct/remedy (defective, incorrect improper production of court s order of first initial discovery exchange to provide palintiff with relevant documents relating to cognible claims and Cell #44 at issue.
by placing documents in the internal mail collection system at corcoran state prison to elise owens thorn state bar no.145931, deputy attorney general/attorney general office, 1300 I street, suite 125 sacramento, ca 95814

This 1st day of october 10/1/26

10/1/26
executed on:

Thorn
DOCKETED
OCT 09 2026
By D. Lemont
No. 2025402621

RECEIVED
ATTORNEY GENERAL
2026 OCT -7 AM 10: 29
DEPARTMENT OF JUSTICE
SACRAMENTO OFFICE

017 [signature] 95980 10/1/26




Jamie Osuna#BD0868
4A-1L-#44L
CSP/CORCORAN
P.O.BOX:3476
CORCORAN, CA 93212

DOCKETING UNIT
ATTORNEY GENERAL
SACRAMENTO OFFICE
2026 OCT -7 AM

ELISE OWENS THORN, State Bar No.145931
Deputy Attorney General/Attorney General Office
1300 I Street, Suite 125
Sacramento, CA 95814

*CONFIDENTIAL LEGAL MAIL*

# EXHIBIT H

ROB BONTA, State Bar No. 202668
Attorney General of California
DAMON G. MCCLAIN, State Bar No. 209508
Supervising Deputy Attorney General
ELISE OWENS THORN, State Bar No. 145931
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-6648
Facsimile: (916) 324-5205
E-mail: Elise.Thorn@doj.ca.gov
*Attorneys for Defendants A. Aranda, A. Johnson, B. McKinney, E Moreno, T. Campbell, and T. Sparks-Mendoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

**JAMIE OSUNA,**

Plaintiff,

v.

**T. CAMPBELL, et al.,,**

Defendants.

Case No. 1:24-cv-01156-JLT-EPG

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PROPOUNDING PARTY:** **PLAINTIFF JAMIE OSUNA**

**RESPONDING PARTY:** **DEFENDANTS**

**SET NO.:** **ONE**

## PRELIMINARY STATEMENT

Defendants respond to Plaintiff's First Request for Production of Documents dated and served on August 27, 2026, and mailed on August 29, 2026. The information provided in these responses is true and correct, according to Defendants' best knowledge at this time, but it is subject to future correction for omissions, errors, or mistakes. Defendants reserve the right to

produce evidence of any subsequently discovered facts or interpretations thereof, and to amend, modify, or otherwise change the responses, in accordance with applicable discovery rules. Defendants make these responses to the Request for Production of Documents in accordance with Federal Rule of Civil Procedure 34 and the Court's March 24, 2026 Scheduling and Discovery Order. (ECF No. 35.) Each request for production is reproduced exactly as drafted by Plaintiff.

**REQUEST FOR PRODUCTION NO. 1**:

All documents that contain, mention, construed [sic], or refer to policies on staff supervision of inmate/patients at Corcoran [sic] state prison.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defendants object to this request as vague and ambiguous because it seeks "all documents" that refer to or construe policies on staff supervision of inmates or patients and is not specific enough for Defendants to provide requested documents. Defendants also object to this request on the grounds that it is compound, overly broad as to time and subject matter, and unduly burdensome. Also, due to the overbreadth as to subject matter, the request is objectionable because it seeks information that is not relevant to the claim or defense of any party and it is not proportional to the needs of the case. The response to this request is obtainable from some other source that is more convenient, less burdensome, and/or less expensive. Plaintiff has access to unrestricted policies in the inmate library.

Subject to and without waiving the foregoing objections, Defendants identify the following policies that could be responsive to this request and produce copies of those policies identified as documents numbered DEFS POD – 0194 through DEFS POD - 0301:

1. Operational Procedure 220, Administrative Segregation Units
2. Operational Procedure 222, Security Housing Unit - 2023
3. Operational Procedure 226, Security/Welfare Check Procedure

**REQUEST FOR PRODUCTION NO. 2**:

The complete contents of plaintiffs central file including including [sic] but not limited to disciplinary reports, incident reports, evaluations, criminal justice information, and medical and mental health records. such request shall include but not limited to;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Defendants object to this request on the basis that it is overbroad because it seeks the entirety of Plaintiff's inmate record with no limit as to time and subject matter. The records, other than those which are deemed confidential, are available to Plaintiff at his institution. Due to the overbreadth as to subject matter, documents deemed confidential may be responsive, the disclosure of which would jeopardize the safety and security of the institution, prison officials and inmates and violate privacy rights afforded to prison officials and inmates. The request is unduly burdensome or expensive, taking into account the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The response to this request is obtainable at Plaintiff's institution, through a request made to his Correctional Counselor, a source that is more convenient and less burdensome. Finally, Defendants object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

All requested documents are available to Plaintiff for review and or copying at his institution. Accordingly, Defendants will not be providing any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3**:

Mental Health crisis Bed Records including but not limit to (a.) Admission summary, (b.) progress notes, (c.) Orders and lab orders, (d.) interdisciplinary treatment team plan, (e.) Interdisciplinary treatment team notes, (f.) Discharge summary, especially from the dates regarding the complaint and plaintiffs [sic] arrival at Corcoran [sic] end of 2022.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Defendants object to this request as vague and ambiguous because it seeks all records relating to Plaintiff's treatment in a Mental Health Crisis Bed (MHCB) for an undefined period of time. The lack of a defined period also makes this request overly broad and unduly burdensome. The records, other than those which are deemed confidential, are available to Plaintiff at his institution. Defendants also object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

All requested documents are available to Plaintiff for review and or copying at his institution. Accordingly, Defendants will not be providing any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 4**:

UNIT HEALTH RECORDS UHR, CDCR 128-MH3 menatl [sic] health traetment [sic] chrono snd [sic] CDCR 7386 mental health evaluations in palintiffs [sic] UHR record. but not limited to defendents [sic] intrees [sic]/notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Defendants object to this request as vague and ambiguous because it seeks all of Plaintiff's medical records for the period of time he has been incarcerated by the State of California, from at least as early as 2017 to the present, and all of Plaintiff's mental health records for that same period of time. The lack of a defined scope of time makes this request overly broad and unduly burdensome. The records, other than those which are deemed confidential, are available to Plaintiff at his institution. Defendants also object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

All requested documents are available to Plaintiff for review and copying at his institution. Accordingly, Defendants will not be providing any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 5**:

UNIT CDCR 7230 interdisciplinary progress notes, by plaintifs [sic] treatment team. but not limited to defendents [sic] intress [sic] and notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Defendants object to this request as vague and ambiguous because it seeks all of Plaintiff's 7230 interdisciplinary progress notes for an undefined period of time and is partially unintelligible as to the term "intress." The lack of a defined scope of time makes this request overly broad and unduly burdensome. Due to the overbreadth as to subject matter, documents deemed confidential may be responsive, the disclosure of which would jeopardize the safety and security of the institution, prison officials and inmates and violate privacy rights afforded to prison officials and inmates. The records, other than those that are deemed confidential, are available to Plaintiff at his institution. Defendants also object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Based on the above-stated objections, Defendants will not be providing any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 6**:

Plaintiff mental health (safety [sic] plans); but not limited to NO SHARPS/NO RAZORS made by defendents [sic].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Defendants object to this request as vague and ambiguous because it seeks records that span an undefined period of time. The lack of a defined scope of time makes this request overly broad and unduly burdensome. Due to the overbreadth as to subject matter, documents deemed confidential may be responsive, the disclosure of which would jeopardize the safety and security

of the institution, prison officials and inmates and violate privacy rights afforded to prison officials and inmates. The records, specifically any safety plans, are part of Plaintiff's mental health records available to Plaintiff at his institution. Defendants also object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Subject to and without waiving the foregoing objections, Defendants respond as follows: Plaintiff provided in his initial disclosures the requested safety plan responsive to this request for production.

**REQUEST FOR PRODUCTION NO. 7**:

any e-mails between defendents [sic] regarding the incidents in the complaint including other forms of cummunication [sic] on either work devices or other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Defendants object to this request as overly broad as it seeks communications concerning claims in the complaint that have been dismissed by the Court and that are not relevant to the claim or defense of any party. The request is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.) Defendants also object to the request on the basis that documents deemed confidential may be responsive, the disclosure of which would create a hazard to the safety and security of the institution, prison officials and inmates and violate privacy rights afforded to prison officials and inmates.

Subject to and without waiving the foregoing objection, Defendants produce emails and communications responsive to this request, identified as documents numbered DEFS POD – 0302 through DEFS POD - 0316.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 8**:

Health Care Operation mannual [sic] but not limited to medication management [sic] and pharmacy, involuntary psychiatric medication procedure/criteria.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Defendants object to this request as vague and ambiguous because it is unlclear what Plaintiff is seeking. Defendants also object to the scope of the request as it asks for the entire Health Care Operations Manual (HC-DOM), which is available to Plaintiff at his institution, and the request seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

All requested documents are available to Plaintiff for review and copying at his institution. Accordingly, Defendants will not be providing any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 9**:

Correctional treatment center policy mannual [sic] for detaisaled [sic] procedures involuntary medication administartion [sic] to control symptoms which, constituet [sic] a danger to self/others/gravely disability on the basis of serious mental disorder.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Defendants object to this request on the basis that it is vague and ambiguous as to the documents Plaintiff seeks. To the extent that the request is for policies relating to the Correctional Treatment Center at COR or to Correctional Treatment Centers in CDCR institutions in general, those policies are available to Plaintiff at his institution. Defendants also object to this request on the basis that it seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Based on the above-stated objections, Defendants will not be providing any documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 10</u>**:

Custody unit Log sign in sheets for unit 4A-1L CEIL [sic] #44

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>**:

Defendants object to this request as vague and ambiguous because it seeks sign-in sheets for an undefined period, making it overly broad, requesting documents that are not relevant to the claims in this case, and unduly burdensome. Due to the overbreadth as to subject matter, documents deemed confidential may be responsive, the disclosure of which would jeopardize the safety and security of the institution, prison officials and inmates and violate privacy rights afforded to prison officials and inmates. Defendants also object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Subject to and without waiving the foregoing objections, Defendants produce custody log-in sheets for Facility A4 for the period January 15, 2023 through May 6, 2023, identified as documents numbered DEFS POD – 0317 through DEFS POD - 1277.

**<u>REQUEST FOR PRODUCTION NO. 11</u>**:

4A/RHU Facility daily Activity Report (ADR) [sic] For Dates/time of palintiffs [sic] arrive at corcoran [sic] end of 2022 and from end date of complaint CDC 114-A folders, Automated restricted housing record, cell search logs, etc….

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11</u>**:

Defendants object to this request as compound because it seeks more than one item or category of items. It is also vague and ambiguous because it seeks the RHU Daily Activity Report (DAR) for an undefined period ("the end of 2022 and from end date of complaint"), making it overly broad and unduly burdensome. The request also seeks requesting documents that are not relevant to the claims in this case. Due to the overbreadth as to subject matter, documents deemed confidential may be responsive, the disclosure of which would jeopardize the safety and security of the institution, prison officials and inmates, and violate privacy rights afforded to prison

officials and inmates. Defendants also object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Subject to and without waiving the foregoing objections, Defendants produce the Daily Activity Reports for Facilty 4A dated January 15, 2023 through May 6, 2023, identified as documents numbered DEFS POD – 1278 through DEFS POD - 1390. All inmate identifiers have been redacted from the Daily Activity Reports. The redactions in the Daily

**REQUEST FOR PRODUCTION NO. 22 [Request 12]**:

All documents, e-mails, All communications between the defendents and the coleman project team from defendent sparks & B.Mckinney on 2/1/23 and 5/28/23 but not limited to such dates please include any other communications from 2023 and with any other individuals

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Defendants object to this request as compound because it seeks more than one item or category of items. It is also uses vague and undefined terms, such as the "coleman project team." It is also overly broad in that it seeks "all communications" between Defendants and the "coleman project team." The request is also unintelligible—Defendants cannot reasonably understand what the request is seeking and therefore cannot fully respond. Defendants also object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is therefore not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Subject to and without waiving the foregoing objections, Defendants respond that they do not have documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23 [Request 13]**:

all documents mentioning plaintiffs behavior regarding damage of property regarding the Broken windows with sarahjafapour plaintiffs PC 2602 psychiatrist for the year of 2023 including

conclusions and treatment plan remedys, precautions saftey alerts, including defendents reccomedations to sarajafapour but not limited to march 16 2023,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Defendants object to this request as compound because it seeks more than one item or category of items. It is also vague and ambiguous because it seeks all documents mentioning Plaintiff's behavior with a psychiatrist for the year 2023 without limitation. The request is unintelligible and Defendants cannot reasonably understand what the request is seeking and therefore may not be able to fully respond. Finally, Defendants object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is therefore not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Subject to and without waiving the foregoing objections, Defendants do not have documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24 [Request 14]**:

All documents communications from renewing psychistrist suprovici from DECEMBER 2023 between her and defendents that relate back to plaintiffs behvior including mentioning there perspective regarding the destruction of property the broken windows relating to self-injurious behavior, documents not limited to defendents recommendations, perception of plaintiffs behavior regarding the latter treatment plans goals, all saftey alerts for custody imposed on plaintiff, but not limited to NO SHARPS/NO RAZORS,

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Defendants object to this request as vague and ambiguous because it seeks all documents from a renewing "psychistrist suprovici." The request is unintelligible and Defendants cannot reasonably understand what the request is seeking and therefore may not be able to fully respond. The request is overbroad as it seeks all documents from December 2023. Finally, Defendants object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is therefore not proportional to the needs of the case as it seeks

documents from December 2023. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Based on the foregoing objections, Defendants are not producing any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25 [Request 15]**:

all documents mentioning contruding regarding (ORDERS) that were made by plaintiffs mental health treatment team imposed on (CUSTODY) To follow orderes regarding saftey precautions and restrictions that custody and custody defendents had access to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Defendants object to this request as vague and ambiguous because it seeks all documents that mention orders made by Plaintiff's mental health treatment team "imposed on (Custody) To follow orders regarding safety precautions and restrictions that custody and custody defendents had access to." The request is unintelligible and Defendants cannot reasonably understand what the request is seeking and therefore may not be able to fully respond. Defendants also object to this request because it is unlimited as to scope of time, making it overly broad and unduly burdensome. The records, other than those which may be deemed confidential, are available to Plaintiff at his institution. Finally, Defendants object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is therefore not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.)

Based on the foregoing objections, Defendants respond as follows: other than 128B medical chronos, which Plaintiff already has as part of his mental health records and which have already been produced by Defendants and by Plaintiff as part of their initial disclosures, mental health clinicians generally do not impose orders on custody staff and Defendants do not have any documents responsive to this request.

/ / /

**REQUEST FOR PRODUCTION NO. 26 [Request 16]**:

all documets health care records 'from plaintiffs arrival at corcoran state prison and 2023 however not limited to january 1 2023 to may 5 2023 recorHs from corcorans CTC/ITA treatment center were plaintiff would go for emergency injuries and to be traeted befor housed at suicide watch. documents not limited to custodys communications with medical staff regarding plaintiffs injuries

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Defendants object to this request as violating the Court's March 24, 2026 Scheduling Order. (ECF No. 35 at 3:12-15.) The Scheduling Order limits the number of document requests each party may serve to 15 absent leave of court ("[i]f a party wishes to serve additional discovery requests, that party may file a motion for additional discovery requests with the Court, explaining why additional discovery requests are necessary"). (*Id.*)

Defendant also object to the request as duplicative of prior requests and on the basis that documents deemed confidential may be responsive, the disclosure of which would jeopardize the safety and security of the institution, prison officials and inmates and violate privacy rights afforded to prison officials and inmates. The records, other than those which are deemed confidential, are available to Plaintiff at his institution. Defendants Also object to this request on the ground that it seeks information that is not relevant to the claim or defense of any party, and it is therefore not proportional to the needs of the case. *See* October 10, 2025 order limiting Plaintiff's claims to unconstitutional conditions of confinement against Defendants Aranda, Campbell, McKinney, Moreno, Sparks, and Johnson. (ECF No. 18.) Finally, all requested documents are available to Plaintiff for review and copying at his institution.

Defendants will not be providing any documents in response to this request.

/ / /

/ / /

Dated: October 23, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
DAMON G. MCCLAIN
Supervising Deputy Attorney General

*s/s/ Elise Owens Thorn*

ELISE OWENS THORN
Deputy Attorney General
*Attorneys for Defendants A. Aranda, A. Johnson, B. McKinney, E Moreno, T. Campbell, and T. Sparks-Mendoza*

SA2025402621

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name: **J. Osuna v. T. Campell, et al.**
Case No.: **1:24-cv-01156-JLT-EPG**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On October 23, 2026, I served the attached **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION with documents identified as DEFS POD – 0194 through DEFS POD – 1390** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 600 West Broadway, Suite 1800, San Diego, CA 92101, addressed as follows:

Jamie Osuna
CDCR # BD0868
California State Prison - Corcoran
P.O. Box 3476
Corcoran, CA 93212
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 23, 2026, at San Diego, California.

| | |
|---|---|
| A. Breault | A. Breault |
| Declarant | Signature |

SA2025402621
85974099.docx

# CERTIFICATE OF SERVICE

Case Name: **J. Osuna v. T. Campell, et al.** No. **1:24-cv-01156-JLT-EPG**

I hereby certify that on November 12, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL (ECF NO. 48); EXHIBITS A-H**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On November 12, 2026, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna
BD0868
California State Prison - Corcoran
P.O. Box 3476
Corcoran, CA 93212
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 12, 2026, at Los Angeles, California.

| Z.Ho | /s/Z.Ho |
|---|---|
| Declarant | Signature |

SA2025402621
68860634.docx