FILED
NOV 20 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
CSP-COR PO Box 8800
Corcoran, CA 93212,
Plaintiff,
v.
T. Campbell, et al.,
Defendants.

No. 1:24-cv-01156-JLT-EPG (PC)

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; INTERIM PROTECTION, PRESERVATION, AND SCHEDULING**

Plaintiff seeks prospective protection against public disclosure of sensitive clinical information through deposition excerpts, the complete transcript, or continued discovery-related filings. At the November 10 deposition, counsel questioned Plaintiff about nonpublic psychiatric treatment and repeatedly interrupted his explanations. Plaintiff seeks the complete transcript and Rule 30(e) review to preserve the context of his testimony before selective excerpts are used. Decl. ¶¶ 1–3. Counsel's continued public filing of discovery materials containing clinical questions heightens that concern. ECF Nos. 52 at 8–10, 53-1 at 43–46. Plaintiff requests interim protection; preservation of the November 5 body-camera footage and scheduling communications; reliable notice; and appropriate safeguards for future filings. The accompanying reply addresses outstanding discovery and sanctions.

**I. Protect clinical testimony and complete the record.**

At the November 10 deposition, counsel repeatedly interrupted answers about staff notice, Cell 44, injuries, and counsel-produced notes while questioning Plaintiff about convictions and criminal allegations. Plaintiff explained prison-prescribed or involuntary medication and withdrawal effects. He fears public excerpts omitting those explanations. Protective Decl. ¶¶ 1–3.

Plaintiff requested a copy and Rule 30(e) review at the outset. He recalls counsel promising a copy but proposing another deadline. After roughly five hours, the connection ended abruptly, despite the stated plan to continue daily. No continuation was communicated; he could not clarify review with the officer. Decl. ¶ 2.

Rule 26(c)(1) requires specific good cause. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Nonpublic treatment goals, medication

reactions, self-injury assessments and precautions expose private vulnerabilities and planned care. Prior public disclosure and excerpts pairing criminal allegations with isolated clinical answers risk harm that later removal cannot fully repair. Decl. ¶ 3.

Relevant psychiatric records can be protected without barring litigation use. *Heilman v. Vojkufka*, No. 2:08-cv-02788, ECF No. 74 at 6, 28–29 (E.D. Cal. Feb. 17, 2011). Plaintiff requests under Rule 26(c) that any proposed public filing of the defined clinical information follow the applicable procedures under Local Rules 140–141. Plaintiff requests prospective safeguards against unnecessary public disclosure of nonpublic psychiatric treatment, medication reactions, self-injury assessments, safety precautions, and future treatment plans. Defendants should be required to identify the specific material necessary for any proposed filing and seek appropriate court authorization before publicly disclosing protected information.

**II. Repeated disclosures require protection before public filing.**

Defendants publicly filed the 183-page discovery production at ECF No. 38, expressly identifying the attached materials. Counsel subsequently attributed the filing to staff error. ECF No. 40 at 2. The Court ordered its removal and later described the documents as "inadvertently and temporarily filed." ECF Nos. 41 at 1–2; 46 at 2:13–14. Regardless of that characterization, the public exposure occurred, supporting Plaintiff's request for prospective safeguards against further unnecessary disclosure.

Plaintiff cites that incident as background to his request for prospective protection. Counsel subsequently filed complete interrogatories, envelopes, and requests for production, including clinical questions. ECF Nos. 52 at 2, 8–10, 26; 53-1 at 21, 26, 43–46. Rule 5(d)(1)(A) permits filing discovery used in a proceeding or ordered filed; Local Rules 250.2(c) and 250.3(c) limit filed discovery to the portions at issue. Even if dates, scope, or objections are disputed, those purposes do not establish a need to publicly file every question and clinical detail. Plaintiff challenges the unnecessary breadth and seeks relevant excerpts, minimization, and appropriate redaction or sealing review before further nonpublic psychiatric information reaches the public docket.

Plaintiff is a *Coleman* class member receiving prison mental-health care, and Thorn also

represents defendants in that litigation. Thorn signed a request to redact employee and inmate identifiers, was copied on correspondence concerning patient-name redactions, and later invoked Local Rule 141 to submit institutional maps under seal. *Coleman v. Newsom*, No. 2:90-cv-00520, ECF Nos. 5958 at 9–10, 5958-1 at 7, 6801 at 2–3. The court provisionally approved limited redactions. *Id.*, ECF No. 5986 at 9–10. Yet counsel has continued publicly filing extensive discovery materials containing clinical questions in this action. ECF Nos. 52 at 8–10, 53-1 at 43–46. Her demonstrated familiarity with confidentiality procedures supports comparable safeguards for Plaintiff's nonpublic psychiatric information.

The requested protection covers nonpublic treatment goals and future care plans, medication reactions and withdrawal effects, individualized mental-health and self-injury assessments, and personal safety precautions, including testimony or exhibits revealing those details. Decl. ¶ 3. Plaintiff seeks to prevent unnecessary public disclosure without restricting legitimate litigation use. No agreement protects these categories, and prior exposure and prison-mail delays make private agreement inadequate. L.R. 141.1(c); *Huggins v. Amazon.com Services, LLC*, No. 1:21-cv-01526, ECF No. 42 at 1–3 (E.D. Cal. Aug. 22, 2022).

Pending resolution, Plaintiff requests an order prohibiting public filing or other public dissemination of the defined nonpublic clinical information, including deposition excerpts, absent further court authorization. Confidential litigation use may continue. Any proposed public disclosure should identify the specific passages and permit focused judicial review and a meaningful opportunity for Plaintiff to respond before disclosure. Plaintiff does not seek automatic sealing of the entire deposition. Once disclosed, private treatment information cannot reliably be made confidential again. Decl. ¶ 3.

**III. Preserve Evidence, Ensure Transcript Review and Notice.**

**A. Preservation.** Plaintiff requests preservation of existing November 5, 2026 body-camera footage of the Sanchez, Duarte, and Santi contacts, including the reported approximately 8:58 a.m. and 9:43 a.m. contacts and subsequent clarification; associated scheduling emails, messages, notices, delivery and access records, and refusal reports; existing October 22 conference records and retained records of the disputed February appointment; and the complete

November 10 deposition record. Reply Decl. ¶¶ 2–3, 10–13; Protective Decl. ¶¶ 2, 4, 7. The deposition categories include existing audio/video, reporter notes retained under applicable rules, exhibits, review requests, availability notices, and retained connection/session logs. These records can resolve notice, refusal, interruptions, and review arrangements. Rules 16(b)(3)(B)(iii), 26(c)(1)(B); L.R. 250.1(b).

Within seven days of an order, Plaintiff requests a report identifying preserved categories, custodians contacted, preservation steps, availability, applicable retention or deletion periods, any known loss and its circumstances, and possession or control limitations. For an independent reporter, vendor, or other custodian outside Defendants' control, counsel should identify the custodian, request preservation, and report what further process is needed. The request concerns existing material and does not assume an unrecorded event was recorded.

**B. Transcript review and completion.** Plaintiff requested Rule 30(e) review before the deposition ended. Its thirty-day period runs after the deposition officer notifies him that the transcript or recording is available. Plaintiff requests the officer's identity, review status and availability notice, and counsel's promised complete copy or usable supervised paper access. Decl. ¶ 2. If prison-mail or access restrictions prevent meaningful review, he requests an extension sufficient to provide the full review opportunity. Counsel's suggested deadline does not independently replace Rule 30(e).

If counsel relies on deposition testimony in a filing, Plaintiff requests compliance with ECF No. 35 at 6: pertinent excerpts and concurrent transmission of the complete deposition to the Court and other parties through the prescribed procedure, subject to appropriate confidentiality safeguards. Rule 32(a)(6) separately permits additional deposition passages necessary for fair context when only part is offered. These protections are particularly important where interrupted answers and isolated clinical testimony may otherwise misstate the account. Decl. ¶¶ 1–3.

Plaintiff also requests meaningful access to late-produced recordings, clinical records, and other examination material, followed by fourteen days after completed transcript review and such access to seek leave for narrowly limited completion or other contextual relief. He would identify the affected questions, transcript passages, interruptions, and newly available material. Any

continuation requires court authorization and any necessary adjustment to the discovery schedule; the request does not assert unilateral reopening. Rules 16(b)(4), 30(d)(1)–(2). Rule 30(d)(2) relief remains subject to proof of interference with a fair examination.

**C. Reliable notice.** Plaintiff received no accessible advance notice of October 22 or November 5. Tablet messaging was disabled; he cannot confirm whether a message was attempted. On November 5, conflicting descriptions consumed the appointment before counsel reported refusal. Reply Decl. ¶¶ 2, 10–12; Protective Decl. ¶¶ 4–5. ECF Nos. 28 at 1 and 30 at 1–4 document a similarly disputed February refusal. Plaintiff requests paper notice stating date, time, location, purpose, preparation needed, and arrangements for actual access, with a record of when and how it reached him. ECF No. 35 at 2, ¶ 1(d)(1)'s fourteen-day deposition notice should remain in effect. Before adverse reliance on a disputed refusal, he requests identification of the reporting source, contemporaneous notice and scheduling material, and a meaningful opportunity to inspect and answer that material. Rules 16(a), 16(c)(2)(F), 26(c)(1)(B).

For court-authorized responses concerning proposed disclosures, new evidence, or access arrangements, Plaintiff requests periods measured from actual accessible receipt, with additional time on a supported showing of mail or access delay.

**D. Conferral and interim relief.** Plaintiff certifies the good-faith efforts described in Declaration ¶ 6. On November 15, he mailed a request to confer. His October 1 letter and October 22 conference addressed related discovery and access problems. No response to the November 15 request had arrived as of November 18, and he remains willing to confer. Plaintiff seeks prompt, narrowly limited interim confidentiality and preservation while mail delivery and conferral proceed. If further conferral is required before continuing relief, he requests that the interim protections remain in place during that process. The prior public production and renewed filing of clinical questions show why ordinary prison-mail exchanges may not prevent the identified disclosure harm. Decl. ¶¶ 3, 5–6. Rule 26(c)(1) requires good-faith efforts to confer; to the extent a shorter response schedule is necessary, Plaintiff requests it under L.R. 144(e).

## IV. Independent notice and confidential review of care and records.

Plaintiff is a *Coleman* class member receiving prison mental-health care; Thorn also

represents defendants in that litigation. Protective Decl. ¶ 8; *Coleman*, ECF Nos. 8843 at 1–2, 8962 at 1–2. Plaintiff disputes counsel's accounts of motion notice and refusal despite his prior warning, October 22 disclosure, and requests for clear notice. He also identifies missing records and evidence he contends reflects departures from required and *Coleman* court-ordered mental-health practices. Reply §§ I–III; Reply Decl. ¶¶ 1, 3, 6–13.

Plaintiff gives notice that he intends to submit a confidential, source-indexed account of these concerns, supported by relevant filings, correspondence, grievances, clinical records, and deposition materials, to *Coleman* class counsel and the Receiver for independent review within their authorized roles. *Coleman*, ECF Nos. 8843 at 2–3, 5–6; 8846 at 9. This notice does not seek an order directing a *Coleman* audit or transferring any issue from this litigation. Plaintiff reserves the right to seek authorization for a willing *Coleman* observer in a future proceeding.

**V. Requested relief**

Plaintiff requests interim and continuing protective relief:

1. Pending decision, direct the parties not to publicly file or otherwise publicly disseminate the defined nonpublic clinical information without further court authorization, while permitting confidential litigation use and appropriate applications under Local Rules 140–141. Continue tailored protection upon the required good-cause findings.
2. Preserve Section III.A's existing records and require a report within seven days of the order identifying preservation steps, categories, custodians, availability, retention/deletion information, known loss, and possession or control barriers; identify and notify outside custodians when further process is needed.
3. Identify the deposition officer and review status; provide the promised complete transcript or usable supervised paper access; preserve Rule 30(e)'s review opportunity and grant an appropriate access-delay extension if needed. Enforce ECF No. 35 at 6's transcript-transmission procedure and Rule 32(a)(6)'s fair-context protection. Allow fourteen days after completed transcript review and meaningful access to late-produced examination material to seek limited completion or other contextual relief.

4. Arrange conferral and available video review within twenty-one days of the order; require accessible advance paper notice and documented sources, evidence access, and a reasonable response before adverse reliance on a disputed refusal. Set response periods from actual accessible receipt where authorized by the Court and permit supported requests for additional time.

November 18 2026

Jamie Osuna

Plaintiff Pro se

**DECLARATION OF JAMIE OSUNA IN SUPPORT OF PROTECTION**

I, Jamie Osuna, declare from personal knowledge, identifying information reported by others as such:

1. On November 10, counsel questioned me about convictions and criminal allegations. I explained that medication relevant to my condition was prescribed or involuntarily administered by prison clinicians, including changes and withdrawal effects. She repeatedly interrupted my answers on staff notice, cell conditions, injuries, and her produced progress notes, including descriptions of blood and my injured arm. Counsel asked me to name all policies and recount the entire day and my actions. I explained the relevance of Penal Code § 2602 and my medication changes and withdrawal to staff notice of my condition, the risks posed by the cell conditions, and my injuries. These are my recollections; I request the complete deposition record to confirm the exchanges.
2. At the outset, I requested a transcript copy and the opportunity under Rule 30(e) to review, make changes with reasons, and sign within 30 days after the deposition officer notified me that the transcript was available. I recall counsel agreeing to send a copy but stating that her own timeline would apply. Counsel had indicated that the deposition would continue from day

to day until completed. After about five hours, the connection ended. No continuation was communicated. I could not ask the reporter about review after disconnection.

3. My testimony included future treatment goals and plans, detailed treatment reactions, mental-health and self-injury assessments, and individual precautions beyond my public conditions claim. Public disclosure would reveal private vulnerabilities and planned care. I fear that isolated answers juxtaposed with questions about criminal allegations could omit the clinical and factual context I gave. I am also concerned that counsel may publicly file the entire deposition. I seek protection for these nonpublic details and an accurate, complete record; I have not deposed Defendants and cannot afford their depositions.

4. I received no advance paper or oral notice of the October 22 or November 5 appointments. My tablet messaging was suspended without any stated disciplinary basis, and I cannot confirm whether electronic notice was attempted. On November 5, staff misidentified the appointment, consuming the available time. I requested consecutive calls and remain willing to participate. See Reply Decl. ¶¶ 2–3, 10–12.

5. Counsel's September 29 letter reached me October 8. I cannot control prison-mail delivery or receive tablet notices. Counsel also reports mail delays. ECF No. 50 at 2–4.

6. On November 15, 2026, I placed a written request for further conferral into outgoing prison mail. My October 1 letter and October 22 conference are described in Reply Decl. ¶¶ 1–4. I have received no response as of November 18, 2026. I remain willing to confer and seek interim protection while delivery and conferral proceed.

7. I have not reviewed the recordings. I seek preservation of existing November 5 body-camera footage and scheduling messages concerning the Sanchez, Duarte, and Santi contacts, notices and delivery records, and sources of the claimed refusal; existing October 22 conference records and retained February appointment records; and the complete November 10 deposition record, any existing recording, exhibits, retained connection records, my review request, and the officer's availability notice. I do not know what recordings or logs are retained; I request identification and preservation of what exists.

8. I am a *Coleman* class member receiving prison mental-health care. I intend to send class

counsel and the Coleman Receiver a confidential, source-indexed submission of relevant filings, disputed statements, correspondence, grievances, produced clinical notes, and deposition context. I believe the notes document departures from required care and safety procedures and will request independent review within their authorized roles, including the disputed notice, refusal, and interference accounts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18 2026

Jamie Osuna

Plaintiff Pro se